CONSTANT BOUCHARD v. OLIVER BOURASSA.

*Homestead—Platted lands.*

1. Platting agricultural lands for partition only, and not for sale or as village lots, will not bring them within the constitutional provision which exempts a lot only, with the house upon it, from sale on execution: the owner remains entitled to the exemption of forty acres.

2. Homestead laws are to be construed liberally.

3. The homestead exemption of forty acres is not affected by the fact that the parcel claimed as exempt was formerly owned in severalty.

Error to Wayne. (Joslyn, J.) May 1.—May 13.

Proceedings to recover possession of land. Complainant brings error. Affirmed.

*Henry M. Cheever* for appellant.

*Geo. H. Prentis* for appellee.

COOLEY, C. J. The question involved in this suit is one of homestead. Complainant. Bouchard is purchaser at an execution sale of the interest of respondent in land described as "lot number ten, of block nine, of subdivision of the Elois Bourassa estate, being part of private claims numbered 226 and 497, according to the plat of said estate made by commissioners appointed by the probate court of Wayne county, and which plat is recorded in the office of the register of deeds for said county." The time for redemption having expired, suit to obtain possession was instituted before a circuit court commissioner, and after trial by the commissioner was taken by appeal to the circuit court.

On the trial in the circuit court the following facts appeared: Elois Bourassa died owner of a farm in the township of Ecorces, which included the land now in controversy. Defendant was one of his heirs. For the purposes of making an equitable partition of his real estate, it became necessary to divide this farm, and commissioners in partition were

appointed by the probate court, who made a plat and designated the subdivisions by numbers. One of these, designated as lot nine, was set off to defendant; and another, designated as lot ten, was subsequently conveyed to him by another heir. The sole purpose of making the plat was to effect a partition. The plat was put on record in the office of the register of deeds. Defendant is a man of family, and he is in possession of lots nine and ten, occupying and claiming them as a homestead. The value of both, with buildings, does not exceed fifteen hundred dollars. The house in which he resides with his family is situated on lot nine. There is a small settlement near these lots, sometimes called the village of Ecorces, but it is not an incorporated village. Lots were platted by the proprietors of land for sale in this settlement or village, but the platting did not include the Bourassa farm.

Upon these facts the circuit judge directed a verdict for the respondent, and the complainant brings error.

The Constitution provides that "Every homestead of not exceeding forty acres of land, and the dwelling-house thereon, and the appurtenances to be selected by the owner thereof, and not included in any town plat, city or village; or instead thereof, at the option of the owner, any lot in any city, village, or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of the State, not exceeding in value fifteen hundred dollars,—shall be exempt from forced sale on execution or any other final process from a court, for any debt contracted after the adoption of this Constitution." Art. xvi, § 2. The complainant insists that a village, within the contemplation of the Constitution, need not be an incorporated village; that Ecorces was a village, in fact, and the respondent's lots within it; that the plat of his lots was a recorded plat, and that even if the plat could not be deemed a town plat, yet that the lots corresponded to lots on the recorded plat of the village, and the respondent could claim exemption in respect only to the one on which the house was situated.

We are not inclined to question in this suit the position that the village intended by the Constitution is not necessarily an incorporated village. Considerable villages are sometimes left unincorporated, though they are built upon lands regularly platted, and have the ordinary local conveniences of villages supplied to them through the agency of the township government. But whether Ecorces is such a village may be a question. The parties have taken no testimony that can enlighten us on the subject; we are not told what the population is; no census is upon record which gives it; and, though the Court can take judicial notice of the township of Ecorces, the judges are not supposed to know how many of the inhabitants of the township congregate for residence at one point. What evidence appears in the record leads to the conclusion that what is called the village of Ecorces is a hamlet of agricultural residents, rather than one of people pursuing the various avocations commonly met with in villages and cities.

But it is not very important that we should know the exact condition of things in this regard, as it is very clear on the evidence that the respondent is to be considered as the owner of agricultural lands, and not as the owner of a "lot in any city, village or recorded town plat." The respondent's lots were never platted as village lots, and they are not upon a recorded town plat. They are subdivisions of a farm which were made for a purpose foreign to that of platting for sale or for village settlement; and we are not informed that they are occupied and used otherwise than as farm property, or that it is expected they ever will be. In reason, therefore, the respondent's two lots, owned and occupied as one, should be regarded as farm property rather than village property.

Homestead laws are to be construed liberally to effect the benign purpose in view in adopting them. *Barber v. Rorabeck* 36 Mich. 399. The Bourassa farm was not village property before its partition, and a homestead to the extent of forty acres might have been claimed in it. It was no more village property after the partition than before, and the owner of any parcel not exceeding forty acres may claim it

as a homestead. The fact that the parcel has at one time been held and owned in two parcels by different owners is of no moment. If it is owned by one person now, who, by being a man of family, and occupying it as a homestead, is entitled to claim exemption in respect to it, that is sufficient. And such seems to be the case with respondent in respect to lots nine and ten of the subdivision of the Bourassa farm. He owns and occupies them both as one, and they constitute his homestead. He can therefore claim them as exempt, under the Constitution, from sale on execution.

The judgment must be affirmed.

The other Justices concurred.