## Silas Lees

*v.*

## The Drainage Commissioners.

*Filed at Ottawa May 9, 1888.*

1. CERTIORARI — *at common law — when the proper remedy.* Circuit courts have jurisdiction to award writs of *certiorari*, at common law, to inferior tribunals and jurisdictions, when it is shown that such inferior tribunals have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed, and no other mode of directly reviewing their proceedings is provided.

2. This writ may be resorted to, in certain cases, to test the legality of the action of commissioners of highways, or to determine the validity of the action of three supervisors who have passed upon an application to lay out a highway.

3. But it does not lie for the purpose of testing whether a corporation or drainage district has a legal existence, or has been legally organized, for the reason the statute has furnished another remedy to test such facts, namely, an information in the nature of a *quo warranto.*

4. SAME—*trial by the record, alone.* The writ brings up the record of the inferior tribunal for inspection, and the case is tried by the record alone, no extrinsic evidence being admissible.

5. If it appears, from an inspection of the record, that the inferior tribunal had jurisdiction of the parties and of the subject matter, and proceeded according to law, the writ will be dismissed.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. W. R. S. HUNTER, and Messrs. SHERWOOD & JONES, for the appellant:

It is a well settled principle of law, that any power granted or any act authorized by the legislature to be done, must be performed in strict compliance with the terms of the act, when authority to proceed is conferred by statute, and when the manner of obtaining jurisdiction is prescribed by the statute.

Potter's Dwarris on Statutes, 224; *Smith* v. *Hileman*, 1 Scam. 323; *Graves* v. *Bruen*, 11 Ill. 437; *Corley* v. *Kennedy*, 28 id. 143; *Shinkle* v. *McGill*, 58 id. 422; *Marsh* v. *Chesnut*, 14 id. 224; *Hardin County* v. *McFarlan*, 82 id. 139; *Locke* v. *Davison*, 111 id. 24; *Day* v. *Cushman*, 1 Scam. 475.

Proceedings of commissioners of highways are vitiated by a failure to give the notices required by law. *Corley* v. *Kennedy*, 28 Ill. 123; *Commissioners* v. *Harper*, 38 id. 103; *Shinkle* v. *Magill*, 58 id. 422; *Frizell* v. *Rogers*, 82 id. 111.

Jurisdictional facts are not presumed in favor of inferior tribunals. *Commissioners* v. *Harper*, 38 Ill. 103; *Railroad Co.* v. *Chamberlain*, 84 id. 335; *Silver* v. *People*, 45 id. 224.

Appellant has no remedy except by *certiorari*. There is no other mode of reviewing the proceedings. *People ex rel.* v. *Wilkinson*, 13 Ill. 660; *Railroad Co.* v. *Fell*, 22 id. 323.

The superior tribunal, upon an inspection of the record, alone, determines whether the inferior tribunal had jurisdiction of the parties and subject matter, and whether it has exceeded its jurisdiction, or has otherwise proceeded in violation of the law. *Commissioners* v. *Supervisors*, 27 Ill. 140; *Commissioners* v. *Harper*, 38 id. 103; *Miller* v. *Trustees*, 88 id. 26.

Mr. J. A. RUSSELL, and Mr. N. J. ALDRICH, for the appellee:

The legality of the organization of a corporation, such as a drainage district, can only be determined by *quo warranto*. *Osborn* v. *People*, 103 Ill. 224; *Renwick* v. *Hall*, 84 id. 162; *Keigwin* v. *Drainage Comrs.* 115 id. 352; *Marsh* v. *Astoria Lodge*, 27 id. 421; *President* v. *Thompson*, 20 id. 197; *Coles County* v. *Allison*, 23 id. 437; *Tisdale* v. *Minonk*, 46 id. 9; *Kettering* v. *Jacksonville*, 50 id. 39; *Mitchell* v. *Deeds*, 49 id. 416; *Town of Geneva* v. *Cole*, 61 id. 397; *Lawson* v. *Kolbenson*, id. 405; *Trumbo* v. *People*, 75 id. 562; *People* v. *Newberry's Estate*, 87 id. 41; *Alderman* v. *School Directors*, 91 id. 179.

It is the settled law of this State, that under the common law writ of *certiorari*, only the record can be examined, and that it is not from the petition or the writ, or the statements therein, upon which the lower court, as well as this court, must decide the case. *People ex rel.* v. *Wilkinson,* 13 Ill. 622; *Doolittle* v. *Railroad Co.* 14 id. 383; *Commissioners* v. *Supervisors,* 27 id. 140; *Low* v. *Railroad Co.* 18 id. 324.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a common law writ of *certiorari,* to bring before the circuit court of Kane county a transcript of the record of the proceedings of drainage commissioners of district No. 2, in the town of Virgil, in Kane county, for the purpose of testing the legality of the organization of the district.

The law is well settled that circuit courts have jurisdiction to award writs of *certiorari,* at common law, to inferior tribunals and jurisdictions, where it is shown either that they have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed, and no other mode of directly reviewing their proceedings is provided. (*People* v. *Wilkinson,* 13 Ill. 660; *Chicago and Rock Island Railroad Co.* v. *Whipple,* 22 id. 105; *Commissioners* v. *Harper,* 38 id. 103.) This writ may be resorted to, in certain cases, to test the legality of the action of commissioners of highways, as in the case last cited; or it may be brought to determine the validity of the action of three supervisors who have passed upon an application to lay out a highway, as was done in *Commissioners* v. *Supervisors,* 27 Ill. 143. The writ brings up a transcript of the record of the inferior tribunal for inspection, and the case is tried and determined upon the record alone, no evidence outside of the record being admissible. When it appears, from an inspection of the record, that the inferior tribunal had jurisdiction of the parties and subject matter, did not exceed its jurisdiction, but proceeded according to law,

4—125 ILL.

the writ will always be dismissed. In looking into the record, however, in this case, it does not appear to be a proceeding to test the validity of the action of an inferior tribunal, but the petitioner is seeking to use the common law writ of *certiorari* to determine whether a certain corporation,—a drainage district,—has a legal existence. No authority has been cited to show that the common law writ of *certiorari* may be resorted to for that purpose, and we are not aware of any well considered case where the doctrine has been announced.

Section 1, chapter 112, page 1871, of our statute, (Starr & Curtis,) has an important bearing on the question. It provides: "That in case any person shall usurp, intrude into or unlawfully hold or execute any office,  *  *  *  or any association or number of persons shall act within this State as a corporation without being legally incorporated,  *  *  *  the Attorney General, or State's attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of record of competent jurisdiction for leave to file an information in the nature of a *quo warranto*, in the name of the People;  *  *  *  and the court may grant the petition, and order the information to be filed, and process to issue."

If this drainage district was not legally incorporated, here is a complete remedy provided by the statute, where the question may be determined and settled in a direct proceeding; and if the petitioner desires to call in question the validity of the organization of the district, he must proceed under this provision of the statute.

In *Osborn* v. *The People*, 103 Ill. 226, which was a proceeding to collect a special assessment for drainage purposes, an attempt was made to defeat the proceeding by showing that the drainage district was not legally organized; but it. was held, that the legality of the organization of a corporation can be attacked and judicially examined only in a direct proceeding by *quo warranto*. In *Blake* v. *The People*, 109 Ill. 508,

which was also a proceeding to collect an assessment levied by a drainage district, the land owner attempted to question the legality of the organization of the district; but it was held that the defense could not be made in that proceeding. It is there said: "Under repeated decisions of this court it is clearly not now admissible, in this form of action, to question the existence of this corporation, and the authority of these commissioners to act in that capacity. There being an acting *de facto* corporation, its existence, and the authority of its acting officers, can only be questioned by a proceeding by *quo warranto.*" In *Renwick* v. *Hall*, 84 Ill. 162, a bill in equity was filed to enjoin certain persons from proceeding to incur debts as directors of a certain school district, on the ground that the district was not legally organized. The circuit court, on motion, dissolved the injunction and dismissed the bill, and the decision was affirmed. It was there held: "Where a number of persons assume to act as school trustees of a district claimed by them to be legally organized, the question as to the legal existence of such district can only be tested by filing an information in the nature of a *quo warranto.*" See, also, Angell & Ames on Corp. (9th ed.) sec. 778.

There are other cases in this court holding the same doctrine, but it will not be necessary to cite them, as the law is well settled that the remedy is the one pointed out by the statute,—an information in the nature of a *quo warranto.*

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*