J. A. HAINES, Appellee, v. BOARD OF DIRECTORS, CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF WRIGHT, et al., Appellants.

CERTIORARI: Nature and Grounds—Legality of Incorporation— 1 Right to Office—Schools and School Districts. Certiorari is not the proper remedy (but *quo warranto* is) to test (a) the legality of a corporate organization, or (b) the right of the directors to perform the duties of their office, especially when the directors had no part *in the organization* of said alleged corporation, and had performed and were performing *administrative* duties only.

SCHOOLS AND SCHOOL DISTRICTS: Consolidation—Election— 2 Ballot Boxes. Failure to provide separate ballot boxes for the voters (a) inside villages and (b) outside villages is fatal to the validity of consolidation proceedings, when it appears that,

had such boxes been furnished, the consolidation would have
been defeated.  (Sec. 2794-a, Code Supp., 1913.)

SCHOOLS AND SCHOOL DISTRICTS:  Consolidation—Election—
3  Villages.  A village is a small assemblage of houses situated
upon platted land.  Evidence reviewed, and held to show the
existence of a village, within the requirements of the law gov-
erning tho supply of ballot boxes.  (Sec. 2794-a, Code Supp.,
1913.)

SCHOOLS AND SCHOOL DISTRICTS:  Appeals—Void Consolida-
4 · tion.  Rulings of the county superintendent or his superior of-
ficer, the superintendent of public instruction, relative to the
validity of the organization of a consolidated school district,
are nullities, *quo warranto* being, in such case, the sole remedy.

*Appeal from Mahaska District Court.*—HENRY SILWOLD,
Judge.

OCTOBER 25, 1917.

SUPPLEMENTAL OPINION, APRIL 4, 1918.

REHEARING DENIED SEPTEMBER 30, 1918.

CERTIORARI proceedings to test the validity of the or-
ganization of a consolidated independent school district.
On hearing, the district court annulled and set aside "all
proceedings taken or actions had," and ordered all prop-
erty returned to the respective districts included.  The de-
fendants appeal.—*Reversed.*

*S. V. Reynolds* and *Frank T. Nash,* for appellants.

*Burrell & Devitt, I. C. Johnson,* and *L. T. Shangle,* for
appellee.

LADD, J.—I.  The defendants are the board of directors
of the so-called Consolidated Independent School District
of Wright, and the directors individually; and the plaintiff,

a resident of the district. The petition al-

1. CERTIORARI: nature and grounds: legality of incorporation: right to office: schools and school districts.

leged that said district "has not been organized and established in a manner provided by law, and there is, in law and fact, no such school district as the Consolidated Independent School District of Wright, Iowa, for the following reasons:" (1) A petition was not filed with the board of directors of the district within the proposed territory having the largest number of resident voters; (2) such board of directors did not submit to the electors the question of organizing the district; (3) the proposition petitioned for was never submitted to the voters; (4) the electors did not vote upon the proposition stated in the petition or in the notice of election; (5) the voters passed on a proposition never authorized to be submitted; (6) the judges of election were not sworn or selected, nor did they make returns or canvass the ballots or declare the result as required by law; and (7) ballots were received and counted which were cast between 10 o'clock A. M. and 1 o'clock P. M. on the day of election, and counted contrary to law. The petition was amended by adding as an eighth ground that, included in the territory proposed was the village of Wright, and that a separate ballot box was not provided for the electors residing therein. The prayer is that a writ of certiorari issue, and that a transcript of all proceedings be returned by defendants, and "that said proceedings may be annulled, set aside, and held for naught." Defendants, in their answer as amended, denied that plaintiff had "any legal right to certiorari proceedings," pleaded a former adjudication, and also to the merits. The contention of plaintiff, then, is that, owing to the defects in the proceedings as alleged, the organization of said consolidated district was never effected, and that the defendants are exercising the franchises of a corporation that, in fact, never existed.

The bare recital of the issues discloses that the remedy sought is not available in certiorari proceedings. That writ may be issued "in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy." Section 4154, Code. Neither as a board nor as directors individually of the so-called Consolidated Independent School District of Wright have defendants had anything to do with the different steps leading up to the organization of the district. The defendant directors were elected subsequent to all the transactions complained of, and the board organized thereafter. In none of the matters can defendants be said, then, to have exercised judicial functions, acted illegally, or exceeded their jurisdiction.

The action is leveled against the board of directors of the Consolidated Independent School District, who, as is alleged, "are acting in a capacity of a board of directors, and transacting business as a board of directors of the Consolidated School District of Wright, Iowa; that the aforesaid Consolidated Independent School District of Wright, Iowa, has not been organized and established in a manner provided by law, and there is, in law and fact, no such school district as the Consolidated Independent School District of Wright, Iowa."

Manifestly, certiorari is not an appropriate remedy in such a case. It is not pretended that what they did, of which complaint is made, was in the exercise of judicial or quasi judicial functions. The sole contention is that they are assuming to exercise the franchises of a corporation which, because of alleged defects in the proceedings, was never organized, and therefore does not exist. Manifestly, certiorari is not available as a remedy in such a case. *Lees v. Drainage Commissioners*, 125 Ill. 47 (16 N. E. 915) ; *Nelson v. Consolidated Ind. School Dist. of Troy Mills*, 181 Iowa 424.

II.   Notwithstanding the error in the proceedings, the parties appear to have acquiesced in the adjudication of the issues raised on the record.   Two of these only need be con-
sidered, and first, that as to whether two

**2. SCHOOLS AND SCHOOL DISTRICTS: consolidation: election: ballot boxes.**   ballot boxes should have been provided at the election.

Section 2794-a, Code Supplement, 1913, provides, among other things, that:

"When it is proposed to include in such district a city, or town or village, the voters residing upon the territory outside the incorporated limits of such city, town or village shall vote separately upon the proposition for the creating of such new district.   The judges of said election shall provide separate ballot boxes in which shall be deposited the votes cast by the voters from their respective territory, and if a majority of the votes cast by the electors residing either within or without the limits of such city, town or village, is against the proposition to form a consolidated independent corporation, then the proposed corporation shall not be formed.   If a majority of the votes so cast in each territory shall be in favor of such independent organization, the organization of the proposed consolidated independent school corporation shall be completed by the election of a board of directors for said school corporation."

This necessarily is **mandatory; for a negative majority** in village or outside territory defeats the proposition.

The only definition of village to be found in the Code appears in Code Section 638, where it is said that "town sites platted and unincorporated shall be known as villages."

**3. SCHOOLS AND SCHOOL DISTRICTS: consolidation: election: villages.**   This does not mean that, though platted, a locality may be regarded as a village in the absence of houses or residences.   *Consolidated Ind. School Dist. v. Martin,* 170 Iowa 262.   A village ordinarily is defined as a small assemblage of houses, whether situated upon a platted district or not.   *State v. Booth,*

169 Iowa 143. Usually, its character is urban, or semi-urban, and the density of population is greater than found in rural districts. The vocation of the inhabitants is not important or controlling. The definitions vary somewhat, as appears from an examination of the decisions, but all seem to include the elements mentioned. *People v. McCune,* 14 Utah 152 (35 L. R. A. 396, with valuable note); *Herbert v. Lavalle,* 27 Ill. 448; *Tilford v. Wallace,* 3 Watts (Pa.) 141; *State v. Lammers,* 113 Wis. 398; *Mikael v. Equitable Sec. Co.,* 32 Tex. Civ. App. 182; *Bouchard v. Bourassa,* 57 Mich. 8 (23 N. W. 452); *State ex rel. Young v. Village of Gilbert,* 107 Minn. 364 (120 N. W. 528); 40 Cyc. 207.

All accomplished by Section 638 of the Code is to restrict the term "village" to platted ground; but how this ground shall be platted has not been prescribed. The lots need not be a uniform size or shape, nor is it essential that the name of the village be of record on the plat. A village ordinarily may be assumed to be a name by which to identify the locality; for the statute specifies with particularity the procedure to effect a change thereof. Section 460 *et seq.,* Code.

It appears that what is claimed to constitute a village known as Wright is located at the intersection of the Chicago & Northwestern Railroad Company's railway and that of the Minneapolis & St. Louis Railway Company, on each of which roads is a station. In the place are two stores, an elevator, a hotel, a restaurant, a lumber yard, a cement factory, two stock yards, two churches, and 33 residences, —all situated on platted ground,—and there is a population of 138. We entertain no doubt that this constituted a village, such as contemplated by Section 2794-a, Code Supplement, 1913; and there is no escape from the conclusion that the electors thereof should have been provided with a separate ballot box, and that the electors residing in the territory proposed outside of the village should have been

provided with another. Only one ballot box was provided, and the ballots cast throughout the territory of the proposed district were mingled; and no finding was made by the judges of election as to whether a majority of the ballots cast within the village and outside of it was in favor of or opposed to the establishment of the proposed Consolidated Independent District. The evidence that a majority of the votes cast by electors *residing outside of the village of* Wright was opposed to the formation of such a district was undisputed. The omission to provide separate ballot boxes, then, was prejudicial and in violation of the statute, and all subsequent proceedings of no validity. Had such ballot boxes been supplied, the proposition to organize the consolidated district must have been defeated.

III. A resident voter filed an affidavit with the county superintendent of public instruction, complaining of several alleged defects in the proceedings, not including the matters heretofore discussed; and, upon

4. SCHOOLS AND SCHOOL DISTRICTS: appeals: void consolidation.

presentation, that officer ruled adversely to the complainant, as did the state superintendent, upon appeal to him. These rulings are pleaded as *res adjudicata* of the issues as to whether Wright was a village, and whether two ballot boxes should have been provided. This is on the theory that, though these issues were not alluded to, they might and should have been included, and may not be raised now. The trouble with all this is that the validity of the organization of a consolidated independent school district may not be passed on by either the county or the state superintendent. The exclusive remedy is by *quo warranto,* and remedy through the courts only. *Nelson v. Consolidated Ind. School Dist. of Troy Mills,* 181 Iowa 424; *Harvey v. Kirton,* 182 Iowa 973.

If, then, the procedure is to be disregarded, and the issues determined as though the proceedings were by *quo*

*warranto,* the judgment of the district court in awarding relief as prayed must be, and it is,—*Affirmed.* With this modification of and addition to the opinion, the petition for rehearing is overruled.

PRESTON, C. J., EVANS, GAYNOR, and STEVENS, JJ., concur.