WILLIAM PETERSON et al., Appellees, v. FRANK PRATT et al., Appellants.

SCHOOLS AND SCHOOL DISTRICTS: Tuitioning Pupils in For-
1   eign District. The power of a school board to contract for the tuitioning of its pupils in the schools of another district depends on securing from the county superintendent authorization "to shorten" its statutory school year, and being thereby released from its obligation to maintain its school. But authorization to entirely *discontinue* a school, being a power not possessed by the county superintendent, will not open the door to such a contract. (Secs. 2773, 2774, Code, 1897.)

SCHOOLS AND SCHOOL DISTRICTS: Relief From Void Acts. Re-
2   lief from the *void* acts of a school board may be had by direct appeal to the courts. (See Sec. 2818, Code, 1897.)

*Appeal from Page District Court.*—THOMAS ARTHUR, Judge.

APRIL 4, 1918.

ACTION involving the validity of a contract. The trial court held that said contract was invalid. Defendants appeal.—*Affirmed.*

*Genung & Genung,* for appellants.

*Denver L. Wilson* and *Thomas W. Keenan,* for appellees.

SALINGER, J.—The board of directors of the defendant Independent School District of Union Grove discontinued the school in that district for the on-coming school year of

1. SCHOOLS AND
SCHOOL DIS-
TRICTS : tui-
tioning pupils
in foreign dis-
trict.

1917–18. Thereafter, a contract was entered into between said board and the board of the defendant Independent District of South Liberty, wherein the first agreed to pay to the last $600 for tuition of the pupils of the Union Grove District. The first payment was to be made on September 1, 1917. On the petition of the plaintiffs, the district court ordered the officials of the Union Grove District to employ a competent teacher, and maintain a suitable school for said school year. It restrained making any payment under the contract and cancelled said contract.

The appellants contend: First, that the court had no power to act, because appeal to the department of public instruction was the sole remedy; and, second, that, if power to act be assumed, the action had is erroneous. This is a case wherein both contentions may be disposed of by determining whether the district court had jurisdiction. For, if the board had no power to make this contract, then the district court had jurisdiction, and appeal to the department of public instruction is not the remedy. And if the district court has power to act because the contract was beyond the authority of the board, then the contract made is void. So the trial court would get its power to act because the contract is void, and if the contract is void, it was not error to cancel it.

It does not seem to be claimed that there is express authority to make this contract, and the reliance of the appellants seems to be the existence of express powers which cannot be exercised unless there is authority to make the contract in question. We are not called upon to inquire into power by implication, because we are of opinion that what is expressly enacted by statute sustains the action of the trial court. We find that Section 2774 of the Code permits such a contract as this to be made, among other things, when "the board is released from its obligation to maintain a school." This amounts to a legislative declaration that

such a contract may not be made unless the conditions specified in the statute exist. And, upon analysis, it will be found the controversy narrows to whether the board has been released from said obligation. It is manifest that Section 2774 assumes the board may be released from such obligation. But it does not say what the obligation to maintain a school is, nor who may release the board from it. The only statute which speaks to these points is Section 2773, Code Supplement, 1913. It provides that, in each school year, commencing with the third Monday in March, school shall be maintained for at least 24 weeks of 5 school days each, unless the county superintendent shall authorize the board to "shorten this period" because, in his judgment, there is sufficient reason for so doing. Reading the two statutes together, then, as we must, and it is enacted that school boards may contract as these two boards did, provided there has been a release from the obligation to maintain school, worked by a permit from the superintendent to "shorten" the statute minimum of 24 weeks. The sole question, then, is whether the superintendent has authorized such a shortening. The county superintendent never gave authority to shorten the statute minimum school time, but did consent that the school in Union Grove District might be closed for the 1917–18 school year. We find nowhere any statute which permits a county superintendent to wholly close a school. And he has no such authority unless a statute gives it. On the contrary, since the only authority given him is to shorten the period, power to close the school is utterly inconsistent with the power granted. To shorten of necessity implies the opposite of abolition. Shortening involves maintaining the school, though for a shorter period than it would be maintained were it not for the shortening. The power of the two boards to contract as they·did depends upon an authorization which was not obtained, and upon a contingency which has not happened. Therefore, the

boards acted without authority.   It may be conceded there
is as much or more reason for providing for the tuition of
pupils in another district when closing the school entirely
than there is when no more than a shortening of the school
period is done.   But this argument must be made to the
legislature, and not to us.   If it can be convinced that the
county superintendent should have power to authorize the
discontinuance of a school *in toto,* then his permission to
discontinue will release the board from its obligation to
maintain a school, and will, therefore, authorize it to make
such a contract as was here made.   But at this time, the
statute declares that the board had no. power to make this
contract, unless it obtained the only release from the super-
intendent which the statute empowers him to give.

As said, holding that the boards had no power to make
this contract disposes not only of the claim that cancelling
the contract and restraining payments thereunder and order-
ing the maintenance of school were each
and all rightful, but settles, too, that the
district court had jurisdiction.   That the
boards lacked power to act works that the
courts may act without an appeal to the department of pub-
lic instruction, and the fact that such power was lacking
also justifies the relief which the district court granted.

2. SCHOOLS AND
SCHOOL DIS-
TRICTS: re-
lief from void
acts.

It follows that the decree below must be, and the same
is,—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.