C. W. HUFFORD et al., Appellants, v. J. I. HERROLD et al.,
Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Quo Warranto. Quo war-
1 ranto is the exclusive remedy for testing the validity of the in-
corporation of a consolidated school district.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidation—Acquisition
2 of Land by Federal Government. The acquisition by the Fed-
eral government of lands within a consolidated school district
in no wise disturbs the legal incorporation of the district, even
though the lands taxable for school purposes are reduced below
16 sections.

**SCHOOLS AND SCHOOL DISTRICTS:** Attempt to Cede Lands—
3 Delay in Selling Bonds. The legal incorporation of a consoli-
dated school district is in no wise impaired (1) by the illegal
attempt of the directors to cede part of the district territory to
another district, nor (2) by delay on the part of the directors in
disposing of bonds duly authorized for schoolhouse purposes.

**SCHOOLS AND SCHOOL DISTRICTS:** Remedy in re Improper
4 School Site. The discretionary action of school directors in se-
lecting schoolhouse sites may be reviewed only on appeal to the
county superintendent. (Sec. 2818, Code, 1897.)

SCHOOLS AND SCHOOL DISTRICTS: Acquisition of Lands by Federal Government—Effect. The power of a consolidated school district (1) to sell its authorized bonds, and (2) to levy authorized taxes, is in no wise impaired by the fact that, subsequent to the authorization, the Federal government acquired large tracts of land within the district, and thereby removed such lands from taxation.

SCHOOLS AND SCHOOL DISTRICTS: Restraining Authorized Tax Levies. Authorized tax levies may not be restrained on the ground that fraud existed in the original organization of the district.

*Appeal from Polk District Court.*—HUBERT . UTTERBACK, Judge.

OCTOBER 2, 1920.

ACTION in equity to enjoin the removal of a school building, formerly used by the subdistrict, to another site within an independent consolidated district, and to enjoin the collection of certain taxes levied for school purposes, and also to enjoin the issuance and sale of bonds voted at a special election for the erection of a school building within said district. A demurrer to plaintiff's petition was sustained, and they appeal.—*Affirmed.*

*Brockett, Strauss & Blake,* for appellants.

*Parsons & Mills,* for appellees.

STEVENS, J.—Plaintiffs are residents and taxpayers within the consolidated independent district of Jefferson, Jefferson Township, Polk County, Iowa, and defendants comprise its board of directors, and the auditor and treasurer of said county. The petition assails the validity of the organization of said district upon the grounds of indefiniteness, irregularity, inaccuracy, and conflict in the description of the proposed boundary and territory thereof, as set forth in the petition and notices of election therefor;

that the requirement of the statute, that separate ballot boxes be provided for the residents within towns and villages within said proposed district and the territory outside thereof, was not complied with; that the promoters of the proposition to organize said district acted in bad faith, and procured sufficient nonresidents to cast illegal votes at the election to obtain a majority in favor thereof, without which the proposition would have been defeated.

The petition also charges that, if the incorporation of the district was valid, it had, at the times complained of, ceased to have a legal existence, for the reasons that, since its organization, the United States government has acquired, for military purposes, more than two sections of the territory situated therein, same constituting a part of the cantonment known as Camp Dodge; that 120 acres originally included therein have been ceded by the board of directors to the neighboring district of Grimes; that no effort to carry out the purpose of said incorporation has been made since its organization, in 1917; and that said district has been abandoned, and ceased to function as such; and that, by reason of the action of the United States government and the board of directors, as above set forth, the territory within said district has been reduced to less than 16 sections.

It is also alleged in said petition that the defendant board of directors has determined that no school shall be conducted in said district, except in a building located within the limits of the territory acquired by the United States government for military purposes, and is threatening and proposing to remove a schoolhouse, situated in said consolidated district, to a site located outside of the territorial limits of the said district, which site is unsanitary and unsuitable for school purposes, for the reasons that same is located near an interurban railway and station, and in the vicinity of picnic grounds, and of a place frequented by, and forming a common meeting ground for, immoral characters of both sexes, and used for immoral purposes; that soldiers in charge of trucks and automobiles

in great numbers pass and drill near said site, and that the attention of the pupils will be distracted from their studies; that no suitable playground can be provided for the use and benefit of pupils attending said school; that same is remote from the center of the school population, and is opposed by the patrons of said school.

It is further alleged in said petition that, on or about June 30, 1917, at an election held for that purpose, the electors within said district voted to issue bonds in the sum of $20,000, for the purpose of creating a fund to be used in the erection of a schoolhouse; and that, subsequent thereto, the defendant board of directors made and certified a tax levy for school purposes to the county auditor of Polk County upon a part only of the real estate originally comprised in said district; that the taxes so levied, if payment thereof be enforced and the bonds issued and sold, would impose an unlawful and oppressive burden upon the property and taxpayers within said district, and a burden not contemplated by the parties at the time of the organization of said district. Plaintiffs pray that the defendants be enjoined from removing said school building, and from issuing and selling bonds, and that the taxes levied and certified to the county auditor be canceled, and their collection enjoined. Possibly, the foregoing summary of the allegations of plaintiff's petition does not include all of the essential matters therein set forth, but the omission, if any, will be supplied in the discussion to follow.

I. In so far as the petition charges irregularities and defects in the organization of the consolidated district, it does not state ground for injunctive relief. We have repeatedly held that the validity and legality

1. SCHOOLS AND SCHOOL DISTRICTS: quo warranto.

of the incorporation of a consolidated school district can be tested only by quo warranto. *Haines v. Board of Directors*, 184 Iowa 401; *State v. Rowe*, 187 Iowa 1116; *Harvey v. Kirton*, 182 Iowa 973; *Nelson v. Consolidated Ind. Sch. Dist.*, 181 Iowa 424.

This is practically conceded by counsel for appellant;

but they seek to make a distinction between a direct assault upon the validity of the incorporation of the district, and a situation wherein such questions arise as a mere incident to the main grounds upon which equitable relief is demanded. The allegations of the petition, however, specifically challenge the legality of the organization of the district, and relief is asked upon this ground.

II. Appellants also maintain that, even if it were conceded that the original incorporation of the district was, in all respects, valid, yet, because of the matters set forth in the petition and admitted by the demur-

2. SCHOOLS AND SCHOOL DISTRICTS: consolidation: acquisition of land by Federal government.

rer, it has ceased to have a valid existence. The acquisition by the United States government of a portion of the territory included within said district for military purposes, it is true, deprived the district of the right to levy and collect taxes therefrom, but our attention is called to no statutory provision or other authority to the effect that such action changed the boundaries of said district, or took the land thus acquired by the government out of the territorial limits of the district, within the meaning of the statute providing that consolidated school districts shall not be organized with an area of less than 16 sections. If the United States government shall, in the future, restore the land taken to private ownership, it would doubtless be subject to the payment of taxes, the same as though the government had not acquired it for military purposes.

So far as the board of directors have attempted to cede to a neighboring district any portion of land within said district, such action was clearly unauthorized and

3. SCHOOLS AND SCHOOL DISTRICTS: attempt to cede lands: delay in selling bonds.

illegal. No such authority is conferred upon it. Surely, the statute which requires that no district containing less than 16 sections may be organized, did not confer implied authority upon the board of directors to cede enough of the territory therein to another district to thereby reduce the area thereof to less than

16 sections. The legality of the corporation was not affected by the attempted cession of territory to the district of Grimes, nor do we perceive any theory upon which a court of equity could sustain the contention of appellant, that its validity was affected by the neglect or failure of the board of directors, for the period indicated, to sell the bonds voted at the special election for the purpose of erecting a schoolhouse, and to function in other respects as a consolidated district, or that this could extinguish the right of the board of directors to thereafter carry out the purposes for which it was organized. The reduction of the area of the district to less than 16 sections, by the acquisition of territory therein by the government for military purposes, thereby depriving the district of the right to levy and collect taxes thereon for the support of the schools of said district, could not have the legal effect of destroying the validity of the district. The land remained within, and continued to be a part of, the district. It might, however, suggest a valid reason for the dissolution thereof. The burden cast upon the land included within the boundaries thereof, and subject to the payment of taxes for the maintenance of the school, might, by such action, be so great as to justify the dissolution of the district; but this did not operate to destroy its validity.

III. But it is also alleged in said petition that the defendant board threatens the removal of a schoolhouse situated within the limits of said district, to a site wholly outside the limits thereof; that said proposed new site is unsanitary and unsuitable for school purposes, for the reasons stated above, and others of similar import. As we understand the petition, the allegation that the defendant board threatens removal of the schoolhouse to a site outside of the territorial limits of the district, is based upon their claim that the appropriation of a portion of said land by the United States government for military purposes, within the limits

4. SCHOOLS AND SCHOOL DISTRICTS: remedy *in re* improper school site.

of which the proposed new site is situated, removed the same from said district. We have already held that this was not the effect thereof; and, therefore, the ultimate facts pleaded leave no doubt that the new site is within the territorial limits of the consolidated district. It is not alleged in the petition that the proposed new site is not owned by the district, or that it does not have legal possession and control thereof for school purposes, if it is within the boundaries of the district. On the other hand, the petition charges, by implication at least, that the proposed new site consists of one acre of ground, on which there is another school building, to which it is proposed to join the schoolhouse in question.

The selection of a site for the school building is peculiarly within the authority and discretion of the board of directors, and can be reviewed only upon appeal to the county superintendent, or to the superintendent of public instruction upon appeal from his decision. *Munn v. Independent Sch. Dist.*, 188 Iowa 757; *Clay v. Independent Sch. Dist.*, 187 Iowa 89. It is well settled in this state that the courts may not review the action of school officers which is based upon the exercise of discretion, and which is within their powers. *Templer v. School Township*, 160 Iowa 398; *Knowlton v. Baumhover*, 182 Iowa 691; *Clay v. Independent Sch. Dist.*, 187 Iowa 89; *Munn v. Independent Sch. Dist.*, supra. If, however, the threatened action of the board, which it seeks to have enjoined, is in excess of its legal authority, injunction will lie to restrain such action. *Knowlton v. Baumhover*, supra; *Hume v. Independent Sch. Dist.*, 180 Iowa 1233; *Kinzer v. Directors*, 129 Iowa 441; *Hinkle v. Saddler*, 97 Iowa 526; *Burkhead v. Independent Sch. Dist.*, 107 Iowa 29; *Peterson v. Pratt*, 183 Iowa 462.

What is here said applies also to the remaining grounds upon which it is sought to enjoin the removal of said school building. They all relate to the suitable character of the proposed new site for the location of a school building. In the selection of a site for the location of a school-

house, the board exercises discretionary powers, which can be reviewed only by the county superintendent, or by the superintendent of public instruction, upon appeal from the decision of the county superintendent. If the proposed new location is unsanitary, and unfit for the location of a school building, it may be safely assumed that the action of the board would, upon appeal to the county superintendent, have been promptly reversed.

IV.  Doubtless, the electors residing within the proposed consolidated district voted in favor of the incorporation thereof with the belief and understanding that all of the territory therein would be subject to taxation for the support thereof. It is also true that the appropriation by the government of a large area within the limits thereof for military purposes has resulted in greatly increasing the burdens to be borne by the taxable property situated therein; but these facts afford no ground for the interference by a court of equity with the sale of the bonds. It might be that, if an injunction were sought, to restrain the sale thereof, pending proceedings under the statute for the dissolution of the district, such sale would be temporarily enjoined.

5. SCHOOLS AND SCHOOL DISTRICTS: acquisition of lands by Federal government: effect.

The grounds upon which are based the allegations of the petition charging that the taxes levied for school purposes and certified to the county auditor were unlawfully levied and certified, are that the area of said district was, by the action of the United States government and of the defendant board of directors, reduced to less than 16 sections, thereby restricting the number of acres of land subject to taxation to much less than the electors contemplated at the time of the incorporation of the district. This unexpected change in the situation, while unfortunate, did not in any way lessen the power of the board to levy the necessary taxes for the support of the incorporated district. As we understand counsel, it is their contention in part that, if the

6. SCHOOLS AND SCHOOL DISTRICTS: restraining authorized tax levies.

attempted cession of the 120-acre tract to the independent district of Grimes was unauthorized and illegal, it is subject to the levy, if valid; and if the cession was, in fact, authorized, then the levy is unlawful, because it casts a much greater burden of taxation upon the plaintiffs and other taxpayers and residents of said district than was contemplated by the electors at the time of the organization of the district.

The petition charges that the promoters of the proposed consolidated district, in advance of the election, fraudulently arranged with the owners of the 120-acre tract to cede the same to the independent school district of Grimes, before it would be subjected to taxation in the new consolidated district, in exchange for the support or acquiescence of such owners in the organization of the proposed district, and that said land was ceded, in pursuance of said fraudulent arrangement. Whatever might be the probative value of such arrangement, if shown, upon the trial of an action to test the validity of the corporation, it can be given no weight in determining the legality of the levy in question.

The prayer of the petition is that the taxes levied be canceled, and the treasurer enjoined from enforcing payment thereof. It is not alleged in the petition, or claimed by counsel, that the levy was not made upon all of the taxable property within the district, except the 120-acre tract, or that the board sought, in making such levy, by specific provision to exempt the same from bearing its appropriate portion thereof. The action of the board in ceding the 120-acre tract to a neighboring district, if unauthorized and illegal, may, of course, be set aside in an appropriate proceeding for that purpose, and the tract be subjected to the payment of taxes for the support of the consolidated district.

Counsel for appellants contend with much earnestness that the allegations of the petition admitted by the demurrer entitle plaintiff to the relief prayed. We are of the opinion, however, that, for the reasons stated, the petition does not state a cause of action; and many of the questions presented are fully settled by the prior decisions of this court. It fol-

lows that the judgment of the court below, dismissing plaintiff's petition, must be and is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.