C. M. HUGHES et al., Appellants, v. ELIZABETH HUGUS, County Superintendent, et al., Appellees.

QUO WARRANTO: Nature and Grounds—Illegality in Corporate Organization.  Quo warranto is the *exclusive* remedy to test (1) the legality of the organization of a public school corporation, and (2) the legality of the election of its officers.

*Appeal from Montgomery District Court.*—GEORGE W. CULLI-
SON, Judge.

APRIL 4, 1922.

THIS is an action in equity, brought by individuals, in which
they allege that the consolidated independent school district of
Elliott was never properly organized, and they ask that it be so
decreed, and that because thereof the officers of the district
have no authority to assess or levy any tax upon the property in
the district for the use of the district. Plaintiffs ask that de-
fendants be enjoined from so acting, and that the defendants
composing the board of directors be enjoined from exercising
any right or control of any of the territory comprised in the dis-
trict. The trial court dismissed the plaintiffs' petition after
trial, and the plaintiffs appeal.—*Affirmed.*

*Genung & Genung,* for appellants.

*Ralph Pringle,* for appellees.

PRESTON, J.—It appears that this was the second election
or attempted consolidation of this district. In September, 1919,
a proper petition with the requisite number of names was filed
with the county superintendent of Montgomery County, asking
that a consolidated independent school district be formed, in-
cluding the town of Elliott and a considerable amount of con-
tiguous territory in Montgomery, Cass, and Pottawattamie
Counties. In the course of the proceedings, the matter came up
before the county board of education upon appeal, and the dis-
trict and the boundaries thereof were fixed. As we understand
the record, the district was established, and as established, there
was territory included other than that petitioned for, but that
it did not conform to the boundaries referred to in the petition.
Appellants complain of this, and say that the school authorities
lost jurisdiction to proceed. They also complain that, in the
election, two ballot boxes were improperly used. We are not
called upon to determine these matters. Appellees raised the
question, and now argue and rely upon the proposition, that the

matter of the legality of the organization of the district and the legality of the election of the officers thereof may not be determined in an action for injunction by individuals. Their contention is that quo warranto is the exclusive remedy. We have recently so held a number of times, and the proposition is now settled law. *Harvey v. Kirton*, 182 Iowa 973; *Nelson v. Consolidated Ind. Sch. Dist.*, 181 Iowa 424. And see *Haines v. Board of Directors*, 184 Iowa 401; *Hufford v. Herrold*, 189 Iowa 853; *State v. Rowe*, 187 Iowa 1116.

The judgment of the district court is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.