WM. S. BAGGETT et ux., *v.* RACHEL H. BEARD et al.

1. PLEADING.—To an action of debt, upon injunction and sequestration bonds, assigning special breaches, the plea of *nil debit* is not the proper plea. Each breach assigned is in the nature of a separate count, disclosing a separate cause of action, and the defendant ought to reply specially his defense.

2. DAMAGES ON BREACH OF INJUNCTION AND SEQUESTRATION BONDS—COSTS AND COUNSEL FEES.—In such an action evidence is admissible on the part of the plaintiff to prove fees paid to counsel for defending the chancery suit in which the injunction and sequestration bonds were given; and to prove the cost of any transcripts of papers used, or other costs paid in such chancery suit.

Error to the circuit court of Lawrence county. McNAIR, J.

This was a suit by Baggett and wife, on an injunction bond and sequestration bond, executed by the defendants in error, to Martha Baggett, whilst *sole*. These bonds were given on obtaining writs of injunction and sequestration in a suit in chancery to recover property—slaves and horses—claimed in the suit by Rachel H. Beard. The plaintiff proved the seizure of the property under the writ of sequestration, and that the officer, without removing the property, remained on the premises four days, in charge of it, until the plaintiff in error, Martha Baggett, gave bond in the sum of ninety thousand dollars.

The plaintiff offered evidence of the expense attending the defense of the proceedings in the court of chancery, to-wit: costs paid the clerk, and the fees of attorneys in that proceeding, but the court, on the defendant's motion, excluded this evidence. And to this action of the court the plaintiffs excepted. There was a verdict and judgment for the defend-

ants—a motion for a new trial overruled, and the plaintiff sued out this writ of error.

The plaintiff in error assigned the following errors: 1st. The court below erred in not striking out pleas of defendant, *nil debit,* the action being on bond with conditions, and specific breaches assigned in the declaration. 2d. The court erred in excluding the evidence offered by the plaintiff on the trial. 3d. The court erred in overruling the motion for a new trial. 4th. The court erred in giving final judgment for the defendants.

*Harris & Withers,* for plaintiff in error.

The only point arising in the case, as it stands in the record, is the action of the court in excluding evidence of the expense attending the defense of the proceedings in chancery. The plaintiffs were not bound to offer evidence on other points, after the court refused to admit the evidence offered, which the plaintiffs conceived to be the material foundation of their suit.

This case is not involved in the doubts which environ the subject of the measure of damages in ordinary actions sounding in damages, where the expense of litigation is claimed as part of the injury, and it is to be observed that here there was no claim for, or offer to prove the cost of the *pending suit.* The expense attending the suit and proceedings alleged to be wrongful as a loss entailed necessarily and legitimately (*i. e.* naturally or incidentally), by a wrongful proceeding. The rule as to actions *ex contractu* and *ex delicto,* as respects damages, is not applicable here. Substantially, this is a suit for damages resulting from a wrong perpetrated through an unfounded judicial proceeding, though in form it is an action *ex contractu.* These statutory bonds are strictly in the nature of indemnity bonds, and in their scope and meaning are undertakings to make the party whole for all pecuniary loss entailed upon him, as the natural and usual consequence. Sedgewick on Dam., 648, note 2.

The consequence of a wrongful seizure by judicial process, or a wrongful suit, is the expense of a defense which

the injured party cannot avoid without submitting to the wrong, and hence the costs and expenses legitimately incurred, including reasonable fees paid to counsel, are allowed, and the statutory bond is given to secure the payment of these expenses or to save the party harmless. On this point, which is settled by numerous adjudications, see the note to Sedgewick on Damages, last edition, at p. 458.

It may be observed further, that no award of damages is ever made by the chancery court in cases of this kind. That court in awarding damages on discharging restraining orders, is confined to injunctions against *money judgments*, and that the failure to prosecute with effect the wrongful proceedings is the test of right to damages, or, at all events, that such failure established by a decree is a *prima facie* case for the plaintiff and devolves proof of probable or reasonable cause on the defendants.

*Nil debit* to an action on a bond with conditions, where the bond is *mere inducement* and the conditions are set out and breaches assigned, presents no issue. Rev. Code, art. 79, p. 491. It was competent for the plaintiff to prove the expense occasioned by the wrongful proceedings, and the evidence offered tended to show the expense, and it was error to exclude it.

SIMRALL, J. :

Wm. S. Baggett and Martha, his wife, sued the defendants in error in the circuit court of Lawrence county, on injunction and sequestration bonds, and assigned sundry breaches. The defendants pleaded *nil debit.* Plaintiffs moved to strike out the plea, because not responsive to the declaration, which motion the court overruled, and the issue was found by a jury for the defendants, who bring the case here by writ of error, and complain of errors :

1st. In not striking out the plea of *nil debit.*

2d. In refusing to receive testimony of counsel fees paid in the chancery causes.

The last assignment involves the question, whether counsel fees and transcripts of papers to be used in the chancery

suit can be recovered in suit on the bonds or either of them, set out in the declaration. The condition of the sequestration bond is: That the " obligors or complainants shall pay ' all damages ' which Martha Phillips, (wife of plaintiff in error), may sustain in case it shall appear that such sequestration was obtained wrongfully, or without sufficient cause." The condition of the injunction bond was to " pay all damages and costs " for suing out the injunction in case the same should be dissolved. The case of Corcoran v. Judson, 24 N. Y. Rep., 107, is like this. The point made in that case was whether counsel fees, paid by the plaintiff, were covered by the words in the condition of the bond, " costs and damages," and the court held that they undoubtedly were. " The bond," observed the court, " was to indemnify the plaintiff for the expenses and damages to which he might be subjected by the proposed contestation." Sedgwick, in his work on Damages, p. 177, lays the rule down in an action of covenant for breach of warranty, where a former suit has taken place, which the covenantee was obliged to defend, not only his costs, but counsel fees, may be recovered in the suit on the covenant itself.

Under the Code of Practice of New York, when the injunction order is made, the court or judge takes from the party a written undertaking, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such " damages " as he may sustain by reason of the injunction, on dissolution of the injunction. It was said by the chancellor, in the case of Edwards v. Bodine, 11 Paige, 224, " the counsel fees are clearly covered by the terms of the bond." So, in principle, is the case of Gunter v. Morrison, 31 Barb., 157. In many of the states the point has been adjudged the same way. Shultz v. Morrison, 3 Met. Ky. R., 98; Garrett v. Logan, 19 Ala. N. S., 344; McRea v. Brown, 12 La. Ann., 181. The cost of any transcripts, to be used in the defense of the chancery suit and actually so used, are also covered by the condition of the bond, and may be recovered in this suit. The circuit court erred, there-

fore, in not permitting Baggett and wife, the plaintiffs, to prove the fees paid to counsel for defending the chancery suit, and also the costs of any transcripts of papers used as evidence in that suit, or any costs of suits paid. *Nil debit* is not a proper plea to this suit. The defendant ought to reply specially his defense. Each breach assigned is in nature of a separate count, disclosing a separate cause of action. The defendants below will be permitted to put in proper issuable pleas, if so advised.

*Judgment Reversed, and cause Remanded for a venire facias.*