## J. R. BRINKER *v.* J. H. LEINKAUFF ET AL.

INDEMNIFYING BOND.   *Given in attachment.   Action for damages.   Attorney's fees and incidental expenses.*

    In an action on a bond given to indemnify the sheriff or any claimant against damages which might result from the wrongful seizure of goods under an attachment, it not being charged in the declaration that there was any willful wrong or oppression in such seizure, it is improper to allow to a successful claimant as damages for goods so seized the amount he has expended for attorney's fees in maintaining his claim, or for his personal expenses and loss of time in attending the trial, in the attachment proceeding.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

Leinkauff & Strauss sued out a writ of attachment against one T. C. Smith and caused the same to be levied on a certain stock of goods.   The sheriff who executed the writ required Leinkauff & Strauss to give him an indemnifying bond, the body of which is as follows : " We, J. H. Leinkauff and Leopold Strauss, partners in trade as Leinkauff & Strauss, as principals, and W. A. Bell and

John Frenkel as sureties, bind ourselves to pay W. G. Stovall, sheriff of said county of Chickasaw, twelve hundred and three and eight one-hundredths dollars, unless the said Leinkauff & Strauss shall indemnify and save harmless the said W. G. Stovall, sheriff, as aforesaid, against all damages which he may sustain in consequence of the seizure or sale of a certain lot of goods, wares, and merchandise of the value of ————— dollars, levied on by said sheriff under a writ of attachment issued from the office of the clerk of the Circuit Court of Clay County, Mississippi, at the suit of the said Leinkauff & Strauss, and against the estate, real and personal, of T. C. Smith, and directed to the sheriff of said county of Chickasaw, said writ issued and dated January 15, 1884, an inventory of said goods, wares, and merchandise, filed with and attached to said writ of attachment; and, moreover, that the said Leinkauff & Strauss will pay and satisfy to any person claiming title to said goods, wares, and merchandise all damages which such person may sustain in consequence of such seizure or sale." J. R. Brinker interposed a claim to the goods and on the trial of that issue succeeded. Thereupon he began this action against the principals and sureties in the bond above set out to recover damages. The declaration in its statement of damages demands three hundred dollars attorney's fees, paid out in defending plaintiff's claim to the goods levied on under the attachment, and two hundred dollars for hotel bills paid out, and as compensation for loss of time occasioned by plaintiff's attendance on the trial of the claimants' issue under this attachment. It is not charged in the declaration that there was any fraud, willful wrong, or oppression in the levying of the attachment on the goods in question. The defendants demurred to the declaration. The demurrer was sustained. The plaintiff declined to amend his declaration and judgment final was entered up for the defendants. The plaintiff appealed.

*White & Fox*, for the appellant.

We say, first, that we could not recover on the bond for a willful trespass, because an agreement to indemnify in case of a willful trespass would be in contravention of public policy and void. *Stark v. Ramey*, 18 Cal. 622.

What we do contend is that attorney fees and expenses incurred at the trial of the claimant's issue are *actual* and not exemplary damages ; that they are the legal, natural, proximate result or consequence of the wrongful levy, and being such, the indemnifying bond is an EXPRESS CONTRACT agreeing to pay these damages, and the parties to this contract, the obligors on the bond, are bound by virtue of the *contract* to pay the damages sued for.

Mr. Drake, in his work on Attachments, § 175, in speaking of the damages recoverable on attachment-bonds, says :

" What is this actual damage ? On general principle it must be the natural, proximate, legal result or consequence of the wrongful act. Remote or speculative damages, resulting from injuries to credit, business, character, etc., cannot be recovered.

" Actual damages may be properly comprehended under two heads :

" First, expense and losses incurred by the party in making his defense to the attachment proceedings ; second, loss occasioned by being deprived of the use of the property."

· This text is quoted and approved by our own supreme court in construing the term " *actual damages* " as used in § 2430, Revised Code 1880. See *Marqueze* v. *Southeimer*, 59 Miss. 442.

·Mr. Drake in § 176 of his work, referring to the above classification of actual damages, says :

" Under the first head will be allowed fess paid to counsel for services in the attachment-suit."

In a leading case it was held, " That the necessity of paying such counsel fees is an *actual* damage which the defendants have sustained."

It is not a mere matter of discretion, as *the condition of the bond* is imperative that the obligors shall pay such damages as the obligees may sustain by reason of the injunction. *Edwards* v. *Bodine*, 11 Paige 223.

Counsel fees are regarded as a proper subject of consideration in estimating the damages incurred, the loss being as DIRECT as any other. High on Injunctions, § 1685.

We refer also to Waple on Attachments 451 ; *Baggett* v. *Beard,*

43 Miss. 123; *Garret* v. *Logan,* 19 Ala. 344; *Seay* v. *Greenwood,* 21 Ib. 491; *Miller* v. *Garret,* 35 Ib. 96; *Burton* v. *Smith,* 49 Ib. 293; *Holmes* v. *Weaver,* 52 Ib. 516; *Drake* v. *Webb,* 63 Ib. 596; *Bolling* v. *Tate,* 65 Ib. 417; *Corcoran* v. *Judson,* 24 N. Y. 106.

*Fred. Beall,* for the appellees.

Are attorneys' fees, hotel bills, and loss of time covered by a bond of indemnity?

The liability of the defendants is just what the liability of the sheriff would have been had he made the levy without taking the bond and nothing more. This has been frequently declared by this court. *Moore* v. *Allen,* 3 Cush. 363; *Shattuck* v. *Miller,* 50 Miss. 386; *Swom* v. *Alcorn,* 50 Ib. 323.

The full extent of the sheriff's liability is the actual damage occasioned to the rightful owner of the property—not remote or contingent damages—such is the unbroken line of authorities, and as far as I know is fully sustained by principle.

In this State it is long since settled that the measure of damages for the wrongful taking of personal property, when there was no fraud, malice, or oppression, is the value of the property and ten per cent. interest thereon from the date of the taking. *Whitefield* v. *Whitefield,* 44 Miss. 254; *Burrage* v. *Melson,* 48 Ib. 237.

In *Cowden* v. *Lockridge,* 60 Miss. 385, this court said that an allowance for attorneys' fees can only be made in actions of replevin under circumstances which would warrant the imposition of punitory or exemplary damages, and even then is denied in some of the States. *Black, Todd & Co.* v. *Robinson,* 62 Miss. 68; *Taylor* v. *Morton,* 61 Miss. 24; *Black* v. *Robinson,* 61 Miss. 54.

Ohio and quite a number of other States have held that attorneys' fees and the expenses of the litigation can only be allowed or rather considered as punitory, and where punitive damages may be allowed, evidence may be given of attorneys' fees, that the jury may have some guide in fixing damages.

I think this question is no longer an open one in this State. It has been finally put to rest by *Stauffer* v. *Garrison,* 61 Miss. 67.

COOPER, C. J., delivered the opinion of the court.

The demurrer was properly sustained. The damages which by their bond the appellees bound themselves to pay to the appellant were such as should result from the seizure of the goods and did not include attorneys' fees nor other expenses incurred by the appellant in defending his title to the property. *Stauffer* v. *Garrison*, 61 Miss. 67.

In *Baggett* v. *Beard*, 43 Miss. 120, it was held that attorneys' fees were recoverable upon an injunction bond, and that decision as to that character of bond has been since followed. To decline to give the same construction to bonds substantially the same, given in other suits, produces want of harmony in our decisions, but it is well settled that in actions of replevin, in the absence of fraud, willful wrong, or oppression, attorneys' fees cannot be recovered. In any event there will not be uniformity of construction upon obligations practically the same, and believing that the decisions against the liability of the obligors in the bond for attorneys' fees and collateral damages pronounce the true rule, we will adhere to it except as precluded by the decisions relative to injunction bonds.

*Judgment affirmed.*