Harris Ice Cream Co. *v.* Hartsock.

[90 South. 7. No. 22024.]

1. Appeal and Error. *No complaint that replevin was improper remedy where parties recognized validity of proceedings.*

Where a plaintiff in a judgment sued out an execution thereon and levied upon certain property claimed by the defendant to be exempt, and where the defendant in said judgment improperly filed a suit of replevin instead of a claim of exemption, and where the officer levying the execution demands and is furnished an indemnifying bond by the plaintiff in execution, and where, by agreement, the suit proceeds upon the indemnifying bond, and judgment is rendered thereon for defendant in execution, the rightfulness of the suing out of replevin against the constable cannot be heard on appeal, as it was waived by the agreement.

2. Exemptions. *Exemption statute held to include unincorporated urban districts.*

Section 2147, Code of 1906, section 1822, Hemingway's Code, giving exemptions to residents of cities, towns, and villages, is not applicable only to incorporated cities, towns, and villages, but applies to urban districts, though not incorporated, where such districts are in fact settled and inhabited as cities and towns. The intention of the legislature was to provide exemptions to a class not farmers, and the question as to what is a town or village is a question of fact to be determined as other questions of fact.

Appeal from circuit court of Perry county.

Hon. R. S. Hall, Judge.

Action by the Harris Ice Cream Company against L. J. Hartsock. Judgment for plaintiff and execution is-

sued. Defendant replevined property levied on, and after an indemnifying bond was given, and after a judgment adverse to defendant in justice court, it was on appeal agreed that the suit should be considered as brought on the bond. Judgment for defendant, and plaintiff appeals. Affirmed.

*A. T. L. Watkins,* for appellant.

The suit was not brought according to law, in its very inception section 2145, Code of 1906, recites: "Defendant may replevy, by giving bond with sureties, etc.," " to be approved by the officer making the seizure, etc." This he did not do, but filed suit under chapter 120, Code of 1906, in direct violation of section 4242, Code of 1906. "The action of replevin, shall not be maintainable, in any case of the seizure of property under execution," etc. It was his plain statutory duty, to reduce his claim of exemptions, to writing and hand it to the officer, that it might be returned to the court, with the execution, on the return day; that an issue might be made up and tried on the claimant's issue, this was never done, even until now.

His claim of two hundred and fifty dollars worth of personal property, not otherwise exempt, to be selected by him (even if he ever had such a claim), is not maintainable in an unincorporated village or hamlet for many reasons. First it would open the flood gates of controversy, as to when a person may make such a claim, how small a community, however far removed from civilization; and it is inconceivable that a person can reside "in" a thing that has no boundaries.

We fail to find where this court has ever defined "city, town and village" under exemption laws, but we do find that this court specifically defined the terms under section 4043, Code of 1906 (section 1047 of Code of 1880). See 63rd Miss., page 458, second paragraph of syllabus and also in the opinion: Under definitions and rules, section 1603, Code of 1906: "Technical words have their technical mean-

ing and common or ordinary words have their common or literal meaning; under the rules of grammar, a person lives "at a village," not "in."

If he were permitted to show that the so-called village was platted into lots and blocks, it would not be competent to establish it by parol evidence. See section 4964, Code of 1906 and section 3328, Code of 1906.

In 87 Miss., page 473, this court passed on this question only incidentally, using the word "municipality" under a similar question, that is exemptions. The indemnifying bond, and the bond attempted to be required here, under section 2145, Code of 1906, are two separate things, see "to be approved by the officer seizing the property," "conditioned to have the property forthcoming," etc. It will readily be seen that there was no authority to require execution plaintiff, who never saw the property to give any bond, much less to give judgment against them, not in possession of the property and never having seen it, all that could be required was to have the property forthcoming to abide the judgment of the court and defendant having the property in his possession, he was the party to give bond, if any one; but under the terms of his suit, or claim, without a verdict and judgment of "wrongful taking or detaining" no judgment of any kind could be taken against the plaintiff in execution.

The defendant having made affidavit, as a basis for his writ that the constable wrongfully took and detained, his property, and having dismissed as to that officer, in effect dismissed his suit, certainly he could not be heard to say, that the plaintiff, as execution creditor, wrongfully took his property, he not being present only in the instrument (execution) after making affidavit that the constable did the wrong; so we hold it to be error to render any judgment against the plaintiff under this state of the pleadings (see judgment) and the verdict being void, the judgment is void also.

The court erred in rendering judgment for damages only, it not having been adjudicated that the taking was

wrongful and the verdict was erroneous, in not assessing the value of the articles separately. See 70 So. 699, erroneous judgment; see 53 So. 413, for judgment for attorney's fees only; see 43 So. 504, 61 Miss. 24, 60 Miss. 385.

The defendant tried his case all the way through as though it was a claimant's issue, and no such issue was ever raised by the pleadings, even to this time. And if the property had really been exempt, it could not be adjudicated under regular replevin proceedings.

We respectfully submit that the judgment should be reversed, and a judgment rendered for plaintiff, for the amount as found by the justice of the peace, with statutory damages, against defendants and the sureties on his appeal bond.

*E. E. Rose,* for appellee.

The appellant here in this court, for the first time, by assignment of error, is heard to say that this suit was wrongfully brought, or that the form of the action was wrong, or that there were any defects whatever in the pleadings. After this cause was appealed to the circuit court, the appellant filed a motion to dismiss, but said motion was never called to the attention of the court. No action was taken on the motion by the court and no order of the court disposing of the motion as is shown by the record, and this court held in *Wilson* v. *Bridgeforth,* 108 Miss. 199, that where a motion appears in the record, undisposed of by the trial court, the supreme court is not called to pass on the question raised in said motion.

If the appellant desired to make any objection for any mistake or misconception of the form of action, or for any other defects of form in the declaration or pleadings, it should have been made in the trial court and before verdict rendered as required by section 808, Code of 1906. This court speaking through ARNOLD, J., in *Noble* v. *Terrell & Bond,* 64 Miss. 830, said: "The statute intends that the pleadings shall be settled by appropriate methods before

trial, and if this is not done, neither party after verdict, shall avail of the defect in the pleadings, such as a misjoinder of causes of action, or a mistake in the form of action. See, also, *Phillips et al.* v. *Cooper et al.,* 50 Miss. 722.

It is contended by the appellant that the appellee should not be allowed to claim as exempt property to the value of two hundred and fifty dollars under section 2147, Code of 1906, for the sole and only reason that New Augusta, the home of the appellee, is not incorporated.

The statute does not say that only those living in a municipality may claim exempton of property not to exceed two hundred and fifty dollars in value, but every citizen of the state, being a householder, and having a family residing in any city, town or village. If the legislature had intended that only persons living in a municipality could avail themselves of the exemption under section 2147, Code of 1906, it seems only reasonable that they would have used the word "municipality," instead of the words "any city, town or village" and especially so since they have clearly recognized the existence in this state of unincorporated cities, towns and villages. In section 3312, Code of 1906, the legislature has designated how unincorporated villages, cities and towns may become incorporated, clearly recognizing the fact that they are cities, towns or villages and as much so before incorporation as after incorporation, the only difference being as to whether it is incorporated or not. Should the city of Jackson for some reason lose its charter of incorporation it would still be a city.

Section 2147, Code of 1906, defines exemption in cities, towns and villages, neither have we found where this court has defined them under this statute. In the case of *The Illinois Cent. R. R. Co.* v. *De Witt C. Jordan,* this court held in construing section 1047, Code of 1880, the words "city, town or village," as used in said section, referred to an incorporated city, town or village, but for a violation of said section it was provided the city, town or village could sue the railroad in its own name, so to give effect to the

statute it was necessary to hold that said section meant an incorporation.

In *Court of Commissioners of Washington County* v. *State, ex rel. Bowling,* 151 Ala. 561, 44 So. 465, the court was called upon to define "village" as contemplated in a statute authorizing the removal of a county seat to a "city, town or village," which is a case directly in point with the one now before this court, and the court in rendering its opinion used the following language: "Webster's International Dictionary defines villages as small assemblages of houses in the country less than a town or city." Indeed, this is the common acceptance of the meaning of the word, and, in the absence of something in the context of the statute to indicate that a different meaning was intended, this one should be adopted. Adopting it, as we should, we are of the opinion that the facts show that Chatam was, at the time the petition was presented to the Governor, and at the date of the election, a village within the purview of the act. We have many villages and towns that are not incorporated; nor is incorporation necessary to constitute an assemblage of houses in the country.

Section 2147, Code of 1906, was enacted by the legislature for the benefit of those persons who live in towns and villages, and are engaged in other occupations other than farming. The legislature had in mind just such a condition as is presented by this case, and it would be manifestly unfair and unjust to compel a man, who makes his living in some manner other than farming, to make out his claim of exemption under section 2139, Code of 1906.

A man living in a town of a few hundred inhabitants, not incorporated, and engaged in other business than farming, so far as claiming exemptions under section 2139, could be placed in the same position as a man living in the largest city in the state, and it would be unfair to allow one to claim his exemption under section 2147 and not the other.

As to the fourth, fifth and sixth assignments of error, it will be seen from the record that H. C. Hinton, the constable, filed in said cause a notice to the Harris Ice Cream

Company requesting that they file an indemnity bond to save harmless the constable, which was done as shown on page 16 of this record.

At the time this case was called for trial in the circuit court, an agreement was entered into between the appellant and appellee, as shown by page 18, this record, wherein it was agreed that the bond should be considered as though the suit had been made upon it, and the case was tried upon that theory, so that if the jury should find for the defendant, the judgment should be taken against the bond and sureties thereon, and the property should be as the jury found for or against the plaintiff in the case. This being the case, the contention of appellant as to the form of verdict is wholly without merit. He seems to be in the attitude that he had his fingers crossed when he entered this agreement and now wants to take it back.

After the agreement was entered into, as shown by page 17, this record, the constable was no longer a party to the action in fact, and the agreement was made in order that the case could be determined at this one trial. If the agreement had not been entered into the verdict had been for the defendant in the court below, then it would have been necessary for the defendant to declare on the bond and another trial had to determine the amount of damages he would be entitled to by virtue of the constable levying on exempt property, section 2144, Code of 1906. The appellant having entered into the agreement, as he had a right to do, and after the jury returned their verdict in accordance with agreement under the instructions of the court, the judgment entered in this case, we contend, is in harmony with said agreement, and submit there is no error in said record.

ETHRIDGE, J., delivered the opinion of the court.

The Harris Ice Cream Company procured a judgment against L. J. Hartsock for one hundred and sixty dollars and thirty-five cents, and execution was issued thereon and

certain furniture levied upon by the constable.   The appellee claimed a portion of the property levied upon as exempt property under section 2147, Code of 1906, section 1822, Hemingway's Code.   He sued out a writ of replevin for the property instead of filing a claimant's issue, or a claim of exemption under the claimant's issue statute, and this was served by the sheriff upon the constable.   After the matter got into this shape, the constable demanded an indemnifying bond, and such bond was given.   There was a judgment against the appellee in the justice court, and the case was appealed to the circuit court, and on the trial in that court the following agreement was entered into by the parties, namely:

"The judgment creditor herein having filed an indemnifying bond upon the request of the defendant and the said bond having been approved by the clerk of this court, it is agreed between the parties that the judgment, if in favor of the defendant, shall go against the bond and sureties on said bond.   In other words, it is agreed that said bond shall be considered as though suit had been made upon it and the formality of declaring upon said bond is by the judgment creditor hereby waived."

The cause proceeded to trial, and verdict was for the appellee, and damages were assessed upon the indemnifying bond at thirty-five dollars for attorney's fee.   A judgment was entered upon this verdict that the property named be returned to the defendant Hartsock and that he recover from the Harris Ice Cream Company and sureties on its indemnifying bond the amount of thirty-five dollars and all costs, from which judgment this appeal is prosecuted.

Two contentions are made:   First, that the replevin sued out by Hartsock against the constable did not lie and that the action must fail, and in consequence the indemnifying bond cannot be the foundation of a right of action to support a judgment; and, second, that the exemption claimed could not be allowed because the above section cannot apply to the appellee Hartsock for the reason that the village

or town of New Augusta was not incorporated, and that therefore it was not a city, town, or village within the meaning of the said section.

As to the first proposition, we have only to say that the agreement set out and the proceeding upon the indemnifying bond waived this claim. The indemnifying bond was demandable by the officer at any time the property seized by him was claimed to be exempt property, and notwithstanding the error of suing out a writ of replevin against the constable, which, of course, could not be maintained, the bond was good as indemnity for the officer levying the execution, and, suit by the agreement being upon the indemnifying bond, we think the appellant must lose on this issue.

As to the second proposition, the exemption is claimed as above stated under section 2147, Code of 1906, section 1822, Hemingway's Code, and there is nothing in the language of this statute by which it can be determined whether the city, town, or village mentioned must be incorporated or unincorporated. In other words, the statute does not define what is meant by a city, town, or village. In referring to the chapter on municipalities, we find that chapter recognizes unincorporated territory as villages, towns, and cities. Section 3312, Code of 1906, section 5809, Hemingway's Code, provides how unincorporated villages, towns, and cities may be incorporated. Section 3313, Code of 1906, section 5810, Hemingway's Code, and other sections, recognize and deal with incorporated cities, towns, and villages. If the exemption statute dealt with governmental powers, it would refer to municipal corporations, because an unincorporated municipality does not exercise governmental functions. The authorities generally recognize two classes of villages, and towns, one incorporated and the other not incorporated. This court has not decided the precise proposition presented, but decided that under section 1047, Code of 1880, cities, towns, and villages under that statute meant incorporated cities, towns, and villages; but the reason which seems to have driven the court to

this conclusion was that the statute as it then existed
gave the municipality a right of action against a railroad
for the violation of the statute in certain cases, and the
court reached the conclusion that in villages, towns, and
cities referred to there must be incorporated, because an
unincorporated city, town, or village was not a legal en-
tity capable of suing and being sued.

In the present case, however, the statute is dealing with
the class of householders who are not farmers and who
would not have the exemption ordinarily provided for that
class of people, provided for under section 2139, Code of
1906, section 1812, Hemingway's Code. In order to protect
householders in cities, towns, or villages, it was thought
best to let the exemptionist select such personal property,
not to exceed two hundred and fifty dollars, as he might
deem most useful to himself, or to select in lieu thereof
articles specified to the head of the family under the other
section. The intention of the legislature was to give pro-
tection to a class of people classified according to a condi-
tion. The fact of a place being legally incorporated would
not make it different for the purposes of exemption from
one not incorporated. The condition influencing the legis-
lature would exist equally in each case.

In the case of *Mikael* v. *Equitable Securities Co.,* 32 Tex.
Civ. App. 182, 74 S. W. 67, the court of civil appeals of
Texas dealt with a similar proposition. In that case the
Constitution of Texas provided that a homestead may con-
sist of lot or lots in a city, town, or village, and if the fam-
ily does not reside in a city, town, or village, it may consist
of any quantity of land not exceeding two hundred and
fifty acres when used for homestead purposes. The court
in its opinion quoted from authorities as to the definition
of a town or village and reached the conclusion that it was
not necessary that the city, town, or village be incorporated
to maintain the exemption, and that the exemption as ap-
plied to cities, towns, or villages applied in that case rather
than the rural exemption. It quotes from the case of *Peo-
ple* v. *McCume,* 14 Utah, 152, 46 Pac. 658, 35 L. R. A. 398,

decided by the Utah court, to which case is appended a case note collating the authorities upon this subject showing that the various courts of the country in defining terms towns and villages did not deem the legal incorporation of them as conclusive. We have examined many of these cases and think, as applied to the present controversy, the term does not necessarily mean an incorporated city, town, or village.

It is urged that there is no method of determining what is within a city, town, or village in the absence of the incorporation because it would have no boundaries. The question would be determined in such case as a question of fact, and if the territory was settled up in such manner as usually found in cities, towns, and villages, it would fall in that class. The incorporation would show when it is incorporated exactly the territory embraced in the corporate limits, but if there was no corporation the limits could be determined as any other question of fact.

The judgment will be affirmed.

*Affirmed.*