CLAYTON-HUGHES Co. *v.* GLASS.

(Division A. April 13, 1925):

[103 So. 501. No. 24782.]

EXEMPTIONS. *Judgment debtor replevying property as exempt cannot recover attorney's fees, in absence of fraud, willful wrong, oppression, or malice.*

Where the property of a judgment debtor is levied upon under execution, and is replevied as exempt, under section 2145, Code of 1906 (section 1820, Hemingway's Code), the successful exemp-

tionist cannot recover attorney's fees as an element of damages, in the absence of evidence of fraud, willful wrong, oppression or malice.

---

*Headnote 1.   Exemptions, 25 C. J., Section 296 (1926 Anno).

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Action by the Clayton-Hughes Company against H. D. Glass.   Judgment was for plaintiff, followed by levy of execution.   From a later judgment for defendant for damages for wrongful levy of execution, plaintiff appeals.   Reversed, and judgment entered for plaintiff.

*E. C. Black,* for appellant.

Appellee claimed five shares of Riverside Bank stock and county warrant as exempt under the provisions of section 1822, Hemingway's Code.   My position is that the county warrant was not such property as might be claimed as exempt under section 1822.   *Bryant, et al.* v. *Henderson Supply Company,* 65 So. 242.

Appellee must at some time agree what property he will claim as exempt and the balance of his property is liable for his debts.   25 C. J. 125; *Florida Loan & Trust Company* v. *Crabb, et al.,* 33 So. 523, 35 Cyc. 1649.   If I should be mistaken and appellee should be entitled to claim the warrant as exempt, then certainly he would not be entitled to recover attorneys' fees and this case should be reversed for that reason.

It will be observed that the property levied upon in this case was not property which was exempt to the head of a family under the statute, but was such property as might be claimed by him as exempt in making up his exemption of two hundred and fifty dollars and was not claimed by him as exempt at the time the levy was made nor for several days afterwards.   Therefore, section 1817 has nothing to do with this proceeding, but this pro-

ceeding is controlled by sections 1818 and 1820, Hemingway's Code.

Attorney's fees are allowable as damages only in cases which would warrant exemplary damages. *Y. & M. V. Railroad Company* v. *Consumers Ice & Coal Co.,* 67 So. 557, 23 C. J. 881. Exemplary damages are allowable for the seizure and sale of exempt property if the levy is wanton and malicious. There could be no question of oppressiveness or maliciousness on the part of the sheriff in making the levy on the warrant or appellant in causing it to be made. It was not exempt by statute and it was not known at the time levy was made that it would be claimed as exempt, and I think at this time it was wrongfully claimed because he had other property of at least the value of two hundred and fifty dollars which he was concealing at the time the levy was made and which he claimed a few days thereafter as exempt property of the full amount of two hundred and fifty dollars.

If the bond had not been given, he could not have recovered attorney's fees from the sheriff and he cannot recover attorney's fees from the sureties on the indemnity bond and no such damages were contemplated by the law. The condition of the bond is to save the officer or the exemptionist harmless against all damages which he may sustain which does not include expense of attending court and attorney's fees and that such expense is not an element of damage, 23 C. J. 979; 1240 and note 10 on page 980; 35 Cyc., page 1667, under section 5, Counsel fees; *Brinker* v. *Leinkauff,* 64 Miss. 236, 1 So. 107; *Moore* v. *Lowrey et al.,* 74 Miss. 413, 21 So. 237; *Stauffer, et al.* v. *Garrison,* 61 Miss. 237.

In no event under the pleadings in this case should appellee be entitled to double damages as he is proceeding under section 1820 instead of 1819, Hemingway's Code. He might have selected either remedy, but certainly he cannot have advantage of both of these sections.

*Gore & Gore,* for appellee.

There can be no question as to the right of the appellee to claim the warrant as exempt from execution. It is undisputed that he is a citizen of the state, a householder, having a family and residing in the town of Lambert. The exemptionist has the undisputed right to make his own selection, and after having been notified of the selection and claim, the plaintiff should have dismissed its levy; but it persisted in its determination to seize and sell this exempt property, giving the indemnity bond and demanding that the sheriff proceed, thus incurring liability for whatever damages the defendant might sustain as a result of such action. (See sections 1818-19, Hemingway's Code.)

The defendant was forced to employ attorneys to protect his rights to his exemption, as claimed by him under the law. This is damages, and the action of the plaintiff in this case, in thus persisting in its determination to subject exempt property to the payment of the defendant's debt, over the objection of the defendant, entitled the defendant to recover double damages for the loss he has sustained. (Section 1819 of Hemingway's Code). Counsel contends that attorney's fees are recoverable only in cases of wilful or wanton levy. In this connection we cite: *Buckley et al.* v. *Van Diver,* 12 So. 905; *Dunlap, Ex'x,* v. *Fox, et al.,* 2 So. 169; *Roach et al.* v. *Brannon,* 57 Miss. 490; *Harris Ice Cream Co.* v. *Hartsock,* 90 So. 7.

It is true that the first three cases, *supra,* were cases of an attachment. But the principle of the law is the same. The statute expressly exempts the property from attachment and execution, and also by implication, from garnishment. The courts have so held. The last case cited above was a case in execution. Attorney's fees were recovered in all of these cases, and in neither case was there any evidence of wantonness or malice. Nor were exemplary damages sought or awarded. To deny

the defendant the right to attorney's fees, as an element of damages, would in many cases be tantamount to denying his right to exemption. There is no other reasonable construction of the law.

The argument is made by counsel that the warrant is not such property as might be claimed as exempt under the statute, citing *Bryant et al.* v. *Henderson Supply Company*, 65 So. 242. In reply we cite *First National Bank of Hattiesburg* v. *Ellison*, 99 So. 573.

It is freely admitted by us that the defendant subsequently, having already cashed the warrant here in controversy and spent the proceeds in the support of his family, claimed some bank stock as exempt from another execution, and that he subsequently filed a petition in bankruptcy and claimed the same bank stock as his exemption there. We think the court very properly excluded all of the plaintiff's proof as to these subsequent claims, and as to the value of the bank stock subsequently claimed as exempt. We are unable to conceive how any subsequent claim could possibly affect the claim here. It is conceivable that counsel might, without first informing himself on the law of successive exemptions, contend that a prior claim could affect a subsequent one. But it takes a mental somersault to get the attitude of this contention here. 11 R. C. L. 551.

Cook, J., delivered the opinion of the court.

The appellant, Clayton-Hughes Company, a corporation, recovered a judgment in the circuit court of Quitman county against the appellee, H. D. Glass. Execution was issued thereon and levied upon a county warrant of the value of fifty dollars, the property of the appellee, the judgment debtor. The appellee gave the sheriff notice that he would claim this warrant as exempt, and the sheriff thereupon demanded and the appellant executed an indemnity bond as provided by section 2143, Code of 1906 (section 1818, Hemingway's Code). The appellee then filed his claim of exemption and replevied the war-

rant by executing a bond, payable to the plaintiff in execution, and conditioned to have the property forthcoming, to abide the event of an issue to be made up at the return term of the process, as provided by section 2145, Code of 1906 (section 1820, Hemingway's Code). The sheriff returned these bonds with the process, and at the return term issue was tendered and joined upon the right of appellee to claim the warrant as exempt and recover damages for wrongful levy thereon.

The appellee offered testimony establishing the fact that he was a citizen of the state, a householder, and having a family residing in the town of Lambert, and that to establish his claim of exemption he had contracted to pay an attorney's fee of twenty-five dollars. At the conclusion of testimony the court peremptorily instructed the jury to return a verdict for the defendant in execution and assess his damages at seventy dollars, being doubt the amount of attorney's fees contracted, and the twenty-dollar penalty provided by section 2145, Code of 1906 (section 1820, Hemingway's Code).

The only assignment of error which we deem it necessary to notice is based upon the action of the court in allowing a recovery of double attorney's fees as damages. Section 2144, Code of 1906 (section 1819, Hemingway's Code), provides that, where an indemnity bond has been given, the defendant in execution may sue on the bond in the name of the payee, for his use, and recover double damages for the loss he has sustained by the seizure or sale of the property, while section 2145, Code of 1906 (section 1820, Hemingway's Code), provides that, where any defendant whose exempt property has been seized has replevied the property, and the issue upon the claim of exemption is found for the defendant, he shall recover costs, damages, and a penalty of twenty dollars of the plaintiff and his sureties on the bond of indemnity, if any have been given. The remedy on an exemptionist provided by the latter section is analogous to replevin, and prior to the enactment of sec-

tion 4242, Code of 1906 (section 3071, Hemingway's Code), which first appeared in the Code of 1880 as section 2633 thereof and provides that "the action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment when a remedy is given to claim the property by making claim to it in some mode prescribed by law, but the person claiming must resort to the specific mode prescribed in such case, and shall not resort to the action of replevin," it was held by this court that a judgment debtor, whose exempt property has been seized under execution, could maintain replevin against the officer therefor, and that the exemptionist's remedy provided by section 2134, Code of 1871 (section 2145, Code of 1906; section 1820, Hemingway's Code,) was not exclusive. *Moseley* v. *Anderson,* 40 Miss. 49; *Ross* v. *Hawthorne,* 55 Miss. 551.

It has been repeatedly held by this court that, in an action of replevin, attorney's fees are not recoverable where the proof fails to show any willful wrong, fraud, malice, or oppression on the part of the plaintiff. In the case of *Brinker* v. *Leinkauff et al.,* 64 Miss. 236, 1 So. 170, in an action on a bond given to indemnify the sheriff or any claimant against damages, which might result from the wrongful seizure of goods under an attachment, it was held that, in the absence of evidence of willful wrong or oppression in the seizure, attorney's fees were not recoverable by a successful claimant, and the court there strongly intimated that the liability on other bonds of substantially the same character would not be construed to cover such collateral damages as attorney's fees, the court saying:

"In *Baggett* v. *Beard,* 43 Miss. 120, it was held that attorney's fees were recoverable upon an injunction bond, and that decision as to that character of bond has been since followed. To decline to give the same construction to bonds substantially the same, given in other suits, produces want of harmony in our decisions, but it is well settled that in actions of replevin, in the absence

of fraud, willful wrong, or oppression, attorney's fees cannot be recovered. In any event there will not be uniformity of construction upon obligations practically the same, and, believing that the decisions against the liability of the obligors in the bond for attorney's fees and collateral damages pronounce the true rule, we will adhere to it except as precluded by the decisions relative to injunction bonds.''

The method prescribed by section 2145, Code of 1906 (section 1820, Hemingway's Code), for an exemptionist to replevy exempt property levied upon by a judgment creditor, is analogous to a proceeding in replevin, and as to the recovery of attorney's fees, we think the same rule applies, and that the liability against the officer, or on the bond of idemnity if one has been given, cannot be extended to cover such collateral damages as attorney's fees, in the absence of evidence of fraud, willful wrong, oppression, or malice.

The appellee cites the case of *Harris Ice Cream Co.* v. *Hartsock,* 127 Miss. 271, 90 So. 7, as a case in which a recovery of attorney's fees was allowed. It is true that the statement of facts in the Hartsock case shows that attorney's fees were assessed upon the indemnifying bond; but the right to recover such fees as an element of damages was not there contested or decided. The only points decided in that case were, first, that the defective proceeding below had been waived by an agreement that the suit should proceed as one upon the indemnifying bond, and second, that the exemption provided by section 2147, Code of 1906 (section 1822, Hemingway's Code), was not limited to residents of incorporated cities, towns, and villages.

There was no evidence of other actual damages, and the judgment of the court below allowing the recovery of double the amount of attorney's fees incurred by the exemptionist will be reversed, and judgment will be entered here for the appellee for the twenty dollars statutory penalty.

*Reversed, and judgment here for appellee.*