TRUAX ET AL. v. POOL ET AL.

1. **Homestead**: WHEN ADJOINING A CITY: CONSTRUCTION OF CHARTER. T. owned and occupied as a homestead an acre and a quarter of land situated eighty rods from the boundary line of an incorporated city, whose charter provided that tracts of land laid off into town lots adjoining the present boundaries of the city shall be a part of the city; the land in question had been included in the plat of an unincorporated village, made in pursuance of Chap. 41, Code of 1851: *Held*, that it was not land "adjoining" the city, within the meaning of the charter, and was not in a town plat, and that the homestead was not limited to one-half an acre.

*Appeal from Scott Circuit Court*

WEDNESDAY, JUNE 13.

ACTION in equity for an injunction to restrain a sheriff's sale. The plaintiffs claim that the premises in question constitute a part of their homestead and are exempt from execution. The homestead consists, as they claim, of the west half of lot 17 in Hughes, Robinson & Buller's subdivision of the northwest quarter of the northwest quarter of section 24, township 78, range 3, east, and contains one and one-quarter acres of land. The house which the plaintiffs occupy is upon the west half of the land. The defendant, Leonard, as sheriff of Scott county, levied upon the east half. The north boundary line of the city of Davenport runs east and west along the half section line of said section 24. From the north line of

the city, therefore, to the south line of said subdivision is eighty rods. The subdivision was duly platted and the plat was acknowledged and recorded in 1855. One of the streets of Davenport, to-wit: Farnam street, is continued through the subdivision. The Circuit Court allowed the injunction, and upon hearing, decreed that the same be made perpetual. The defendants appeal.

*T. W. Gilruth*, for appellants.

*Geo. E. Hubbell*, for appellees.

ADAMS, J.—The defendants claim that the plaintiffs' homestead is within a town plat and should therefore be limited to one-half acre. The plaintiffs deny that it is within a town plat. Whether it is or not is the question in this case. The land was platted under Chap. 41 of the Code of 1851. That statute provided for the making and recording of village plats. The plat in question was then in its inception a village plat. Was it also a town plat? We think not. A village and a town are not identical. Webster defines a village to be " an assemblage of houses in the country less than a town or city and inhabited by farmers and other laboring people." So far as they are farmers their farms constitute their means of support. Their homesteads should include their farms to the extent allowed by statute. Townspeople are more usually traders and artisans. They do not derive their support ordinarily from the cultivation of land. The question then arises as to how we are to distinguish a village from a town. It would be impracticable to draw a distinction from the size of the place or employment of the inhabitants. But in section 29 of the Rev. and Sec. 45 of the Code, it is provided that the " word *town* may include cities as well as incorporated villages." Here is a clear implication that it does not include unincorporated villages. We are of the opinion, therefore, that a plat of an unincorporated village is not a town plat.

One question remains. Is the subdivision a part of the city

of Davenport? The appellants contend that it is. We are referred to the charter of Davenport, which provides that "tracts of land laid off into town lots adjoining to the present boundaries of the city shall be a part of the city whenever the same are duly recorded as provided by law." It is claimed by appellants that the subdivision containing the lot in question is adjoining to the boundaries of the city of Davenport. It does not, as we have seen, touch the boundaries, but is eighty rods distant. But appellants say that adjoining does not mean to touch but to be near to. In support of this position, they cite *Blanchard v. Bissell*, 11 Ohio St., 96, in which it was held that an unincorporated town plat was contiguous to a city, although separated by a navigable river more than eighty rods wide. But the distinction between that case and this is, to our mind, entirely plain. The question in that case arose upon the annexation of certain territory which included an unincorporated village. The city by its charter extended to the middle of the river. The court said: "The annexation consists in an extension of the original boundaries so as to include the whole of the river and a considerable tract of land on its southeast side. There is no territory intervening between that which is annexed and the original city limits. All the parts of the annexed territory are in immediate contact with each other." We are of the opinion that the words "adjoining to the present boundaries," as used in the charter of Davenport, do not mean simply near to, but next to. Any other construction would force the words from their ordinary acceptation.

                                        AFFIRMED.