PEOPLE, RESPONDENT, v. THOMAS McCUNE, APPELLANT.

### VILLAGE—WHAT CONSTITUTES.

Where it appeared from the evidence that a settlement consisted of 14 families, each family containing about 5 persons; that these reside along a stream, the distance from one extreme end of the settlement to the other being about two miles and a half, some residing within 40 rods of each other, and others being distant about a mile or more; that their chief occupation was farming; that the settlement contained a school district, a district school, and a post office; and that the nearest settlement to the north was distant about 15 miles, to the west about 12, and to the south about 6 miles,—it was not error in the court to instruct the jury that as a matter of law such a settlement was a village, within the meaning of the statute (chapter 63, p. 70, Sess. Laws 1892).

(No. 704. Decided Oct. 5, 1896.)

Appeal from the district court, Sixth judicial district, Hon. W. M. McCarty, *Judge.*

Thomas McCune was convicted of befouling a stream, and appeals. *Affirmed.*

*J. W. N. Whitecotton,* for appellant.

*A. C. Bishop,* Attorney General and *Benner X. Smith,* of counsel, for respondent.

BARTCH, J.:

This is a criminal prosecution, in which the defendant was charged with the offense of befouling the water of a certain stream, by unlawfully establishing and maintaining a camp or bedding place on the banks thereof for a large number of sheep, the waters of said stream being used by the inhabitants of a settlement called "Plateau" for domestic purposes. He was tried before a justice of the peace, convicted, and sentenced to pay a fine, and then appealed to the district court, where he was convicted, and sentenced to pay a fine and costs of prosecution. Thereupon he appealed to this court..

The main point relied upon by the appellant for a reversal of the judgment is that the court erred in instructing the jury that, as matter of law, the settlement called "Plateau," near which the offense was charged to have been committed, is a village, under chapter 63, p. 70, Sess. Laws 1892, which is an amendment to section 2264, Comp. Laws Utah, 1888. Section 5 of said chapter was enacted as a subdivision to section 2264, and made it unlawful "to establish and maintain any corral, camp or bedding place for the purpose of herding, holding or keeping any cattle, horses or sheep, within seven miles of any city, town or village, where the refuse or filth from said corral, camp or bedding place, will naturally find its way into any stream of water used by the inhabitants of any city, town or village for domestic purposes." It is insisted by counsel for the appellant that Plateau is not such an assemblage of houses as to constitute it a village, within the meaning of this statute. It appears from the

evidence, among other things, that Plateau is a settlement in Sevier county, Utah, consisting of 14 families, each family on an average containing about 5 persons; that these families reside along a stream called "Otter Creek," the distance from one extreme end of the settlement to the other being about two miles and a half, some residing within about 40 rods of each other, and others being distant about a mile or more; that their chief occupation is farming; that the settlement contains a school district, district school, and a postoffice; and that the nearest settlement to the north is distant about 15 miles, to the west about 12, and south about 6 miles. We think the evidence was sufficient to authorize the court to instruct the jury that, as a matter of law, the settlement of Plateau is a village, within the meaning of the statute. From an examination of the act, which is amended by the section above quoted, it seems clear that by the use of the word "village" the intent of the legislature was to include such settlements as the one in question, and there appears to be no reason why the people of such a settlement, who are using the water of a stream for domestic purposes, should not have extended to them the protection which the law affords. Their health and comfort demand equal protection with those who live in larger and more densely settled villages, towns, and cities. It is a wise and beneficial law, calculated to promote the comfort and protect the health and lives of the inhabitants, and its operation and application must not be unreasonably abridged by judicial construction.

The contention, on the part of the appellant, that the venue was not proven, we think is not well taken. There is sufficient evidence on this point to show that the offense was committed in Sevier county, and hence the court had jurisdiction.

It is also insisted that the court erred in its instructions

to the jury as to what constituted an establishment and maintenance of a camp or bedding place for sheep, under the statute, but a careful perusal of the instructions reveals no reversible error. We do not deem it necessary to discuss any other question presented, because the record appears to contain no error which would warrant a reversal of the case. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.