## BUTTRAM v. HARRIS.
### No. 7349.

Circuit Court of Appeals, Fifth Circuit.
Nov. 26, 1934.

O. B. Pirkey, of New Boston, Tex., for appellant.

Rollin W. Rodgers, of Texarkana, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Buttram, a bankrupt, living and having a place of business in a small settlement called Oak Grove, made claim to have exempted to him, not only the lands he was living on and using in the settlement, but two other tracts of farming land of 61 and 100 acres, respectively, lying some distance from it.

The referee thought the settlement Buttram lived in was a village within the meaning of the constitutional provision defining a homestead in a "city, town or village" (Const. of Texas, art. 16, § 51), and that his homestead right was confined to the property he lived on and used there. Supporting his finding and recommendation that the exemption claim be so confined by a careful and thoughtful statement of fact and law, the referee certified the matter to the District Judge, who agreed with and confirmed them. The bankrupt is here contesting the finding that Oak Grove is such a village, and insisting upon exemption for all the property he claims. He argues that, though it may not be denied that Oak Grove is a settlement, it is not a village. He points to the fact that those who live there live on scattered acreage tracts, and are almost exclusively engaged in farming. He insists that there is no urban semblance in the conditions obtaining there.

Both appellant and appellee rely upon Texas cases in which, under varying states of fact, the constitutional provision in question has been construed. We have examined all of these cases. They make it clear that the word "village" was not used in the Constitution as a term of art, having a restricted and confined meaning, but as one of general signification, embracing within its scope all of those communities where, not as matter of law, but as matter of fact, village life is carried on. They make it clear that, by making the same provision for a homestead in a village as for one in a city or town, it was not intended to draw a contrast between them, but to attribute to them all, for homestead purposes, the same characteristics, and to extend to the dwellers in them all, without dif-

ference or discrimination, the same homestead privileges. The decisions make it clear, too, that in each case, whether the claimant is entitled to a rural or an urban homestead, is to be determined upon the facts of that case, bearing in mind the declared constitutional purpose and intent. In line with this view the Supreme Court has held in more than one case that a rural homestead taken into a city or town by the extension of its limits does not cease to be rural and become urban merely because of that extension. There must be a real incorporation of the place into the communal life by subdividing it, or by otherwise adapting it to community uses. Posey v. Bass, 77 Tex. 512, 14 S. W. 156; Wilder v. McConnell, 91 Tex. 600, 45 S. W. 145. On the other hand, property really used as a part of and in connection with the community life of a village has been held to be an urban homestead, though not subdivided into lots and blocks, and though the community was but a small one composed mainly of farmers. Mikael v. Equitable Securities Co., 32 Tex. Civ. App. 182, 74 S. W. 67.

■ Appraising and giving effect to the whole facts of this case in the light of these principles, we think it cannot be doubted that Buttram was a villager, entitled to a villager's homestead claim. The testimony given by Buttram and some of his neighbors is all of a piece. It presents neither conflict nor confusion. It shows that the bankrupt, having in the fall of 1920 purchased the two tracts of 61 and 100 acres in controversy here, lived on and farmed them until 1924, when, to obtain the benefits of community life for his family, he established his residence in Oak Grove, where he has resided, worked, and made his living ever since. The community into which he moved had at the time of his bankruptcy, and for some time before, a flag station on the Texas & Pacific Railroad, two stores, two filling stations, two churches, a school with two teachers and seventy-five pupils, a gristmill, a bus line stop, post office, and blacksmith shop. Taking a very large part in the communal life appellant ran a store and a filling station in connection with it, doing quite a volume of business. In his store was the post office, he was postmaster. With his wife and daughter to help him in the store he was able to do bridge and road contracting, and over and above all this he did a small amount of farming. In the village there were twelve or fourteen houses averaging from three to six dwellers.

Appellant, emphasizing the fact that the railroad had only a flag station there, and

no shed or building for receiving express, passengers, or freight, nor an agent, argues that the fact that it does stop for passengers, that it has side tracks for picking up freight, and that express and freight shipments have gone out from there, is without significance in determining whether Oak Grove is a village. Appellee points to the fact that both the railroad and the government recognize the place as being a local habitation having a name (Tilford v. Wallace, 3 Watts (Pa.) 141) for taking on and putting off passengers and freight and for delivering and receiving mail, and urge that this is a strong circumstance in support of the claim that the place is not a cross roads, but a village. They say this fact, taken with the fact of the number of residences and the other evidences of communal life there, churches, school, stores, settles beyond question that here is a village.

To appellant's argument that this is not a village because those living there were, with few exceptions, engaged exclusively in farming, they oppose the definition of a village as a small assemblage of houses, occupied by farmers or laborers. Herbert v. Lavalle, 27 Ill. 448; Mikael v. Equitable Securities Co., 32 Tex. Civ. App. 182, 74 S. W. 67; People v. McCune, 14 Utah, 152, 46 P. 658, 35 L. R. A. 396. "A village is ordinarily less than a town, and more occupied by agriculturists, yet the two cannot be definitely distinguished by the size of the place or the employment of the inhabitants," Truax v. Pool, 46 Iowa, 256.

In re Buie (D. C.) 287 F. 896, is a considered and thoughtful opinion on this question. There a crossroads community having no post office, no voting box, no schoolhouse, no church, no railroad, was held under the facts of that case not to be a village. The discussion there makes clear that at last whether one is a villager or a countryman is in each case a question of fact to be determined under the evidence in that case. We so decide this one, without undertaking to lay down any general rule as to what will constitute a village, or even to point out what elements of village life, wanting there, could be wanting here and still make the place a village. Upon the facts before us, we are not in doubt that Oak Grove was a village, appellant a villager. As such he was entitled to have his village homestead set apart to him. He was not entitled to reach out into the country too, and cover, with the exemption, the rural acres he claims.

The judgment is affirmed.