**In the Matter of Billy James LEE and Dorothy Kirk Lee, Bankrupt.**

**NORTH TEXAS PRODUCTION CREDIT ASSOCIATION, Appellant,**

v.

**Billy James LEE and Dorothy Kirk Lee, Appellees.**

**No. 77–2674**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 10, 1978.

William C. Gooding, Texarkana, Tex., for appellant.

Jack E. Carter, Texarkana, Tex., for appellees.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

This appeal concerns the entitlement of bankrupts to a rural homestead exemption for two parcels of property in the vicinity of Oak Grove, Texas. Fortuitously, there is Fifth Circuit precedent for the fact that Oak Grove was a village—in 1934. *But-* *tram v. Harris*, 73 F.2d 679 (5th Cir. 1934). In the case at bar, the district court, reversing the decision of the bankruptcy judge,[1] held that "the facts and circumstances which gave life to the village in [1934] do not presently exist and are not binding upon the Court in deciding this case." Recognizing the effects of changing times, we agree and affirm on the basis of the district court's memorandum opinion, reproduced below as an Appendix.

AFFIRMED.

## APPENDIX

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| BILLY JAMES LEE AND<br>DOROTHY KIRK LEE<br>BANKRUPTS | BANKRUPTCY TX–76–10–BK |

John D. Raffaelli and
Jack Carter
ATTORNEYS FOR BANKRUPTS

William C. Gooding
ATTORNEY for North Texas
Production Credit Association

## MEMORANDUM OPINION

This matter is before this Court on appeal, wherein Billy James Lee and wife, Dorothy Kirk Lee, Bankrupts, have filed objections to the decision of the Bankruptcy Court rendered on January 26, 1977. The Bankrupts contend that they are entitled to a rural homestead exemption, and as a consequence, two tracts of land, one tract, consisting of one and one-eighth acre of land and upon which the Bankrupt's house is situated, and the other, containing 193.99 acres and separated three to four miles from the first, are exempt property. However, the Bankruptcy Court, in its decision, held that Oak Grove is a village, the Bankrupt's smaller tract and residence is located therein, and as a result thereof, they are entitled to an urban homestead exemption which does not include their 193.99 acre tract. This Court is of the opinion, for the reasons stated hereafter, that such ruling was erroneous in that Oak Grove is not presently a village.

---

1. Appellants contend that the district court can overturn the decision of the bankruptcy judge only when that decision is clearly erroneous. Here there is no dispute as to the underlying facts; the district court disagreed with the bankruptcy judge only as to the legal effect to be accorded to those facts. In such circumstances, the scope of review is much broader than is the case with respect to contested basic facts or questions of credibility. *Shaw v. United States Rubber Company*, 361 F.2d 679 (5th Cir. 1966); *see also* 9 Wright & Miller, Federal Practice and Procedure: Civil §§ 2588, 2589. Here the district court acted within the appropriate scope of review.

The record discloses that Oak Grove is located at the intersection of Highway 82 and Farm to Market road 1326. Likewise, within a radius of two-tenths of a mile from the intersection, there are eleven houses, a convenience store where groceries and gas may be purchased, and an abandoned church. Six-tenths of a mile north of the intersection, there are two sawmills, and two additional houses, including that of the Bankrupts. Disregarding the distance of the two houses and sawmills and any argument therein concerning the limits or boundaries of Oak Grove, it is a village, if at all, on the strength of the houses, store, sawmills and abandoned building. It is the opinion of this Court that such is insufficient to constitute a village.

While there is no doubt that Oak Grove was a village in 1934, *Buttram v. Harris*, 73 F.2d 679 (5th Cir. 1934),[1] it is the conclusion of this Court that the facts and circumstances which gave life to the village in that year do not presently exist and are not binding upon the Court in deciding this case. Moreover, to stamp the lable [sic] of village upon this crossroad collection of buildings, would do violence to the meaning and intent of the word as used within Section 51 of Article 16 of the Texas Constitution. In the case of *In re Buie*, N.D.Tex., 287 F. 896, Judge Atwell aptly described a similar circumstance by stating:

> "The record shows in this case that the entire county of Kaufman is heavily populated or settled; but to hold that a community, such as the record discloses in this case, is a "town," within the meaning of the constitutional provision under consideration, would eventually mean that there can be no rural homestead in Texas, because the people of the country are as gregarious as the people of the city, and they naturally place their residences and accompanying outbuildings at such corners or places on their farms as will touch the public roads and be nearer their neighbors."

1. *Buttram v. Harris*, was rendered on November 26, 1934, and at that time, Oak Grove consisted of a flag station of the Texas and Pacific Railroad, two stores, a school and two teachers and seventy-five pupils, two filling stations, a gristmill, a bus line stop, post office, and a blacksmith shop. Likewise, there were twelve or fourteen houses averaging from three to six dwellers.