**In re GREENE COUNTY HOSPITAL**

**Bankruptcy No. 8408120 HC.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

March 31, 1986.

Robert A. Byrd, Rushing & Guice, Biloxi, Miss., for debtor.

C. Everette Boutwell, Laurel, Miss., for appellant.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This case presents an appeal from the United States Bankruptcy Court. The appellant, Path-Science Laboratories, Inc., appeals the bankruptcy court's order upholding the exercise of that court's jurisdiction over a proceeding filed on behalf of Greene County Hospital. This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158.

The Court is mindful of the limitations placed upon this Court's review of the lower court's legal and factual determinations. The standard of appellate review in bankruptcy cases was set forth in *Matter of Multiponics, Inc.*, 622 F.2d 709 (5th Cir. 1980). "A Court's conclusions of law are freely reviewable on appeal. *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268, 275 (1961); *North Texas Production Credit v. Lee* (In re Lee), 570 F.2d 1301, 1302 (5th Cir.1978). As to all findings of fact, however, a reviewing court of a bankruptcy decision must accept the findings as found unless they are clearly erroneous. F.R.Civ.P. 52, 53(e); *Costello v. Fazio*, 256 F.2d 903, 908 (9th Cir.1958)." *Multiponics, Inc.*, 622 F.2d at 713.

> The burden is squarely on the appellant to show an appellate court that finding is clearly erroneous, *Griffin v. Missouri Pac. Ry. Co.*, 413 F.2d 9 (5th Cir.1969), and reversal of a finding is proper only when 'although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'

*Multiponics, Inc.*, 622 F.2d at 723 (citations omitted). *See also*, Bankr.Rule 8013, 11 U.S.C.A. With these guidelines in mind the Court will begin its review of the bankruptcy court's decision.

The issue central to this appeal and to the lower court's jurisdiction is whether Greene County Hospital is an entity which may be a debtor under Chapter 9 of the Bankruptcy Code. An entity may be a debtor under Chapter 9 of the Bankruptcy

Code only by meeting the elements of 11 U.S.C. § 109(c). Section 109(c) states in pertinent part as follows:

(c) An entity may be a debtor under Chapter 9 of this title if and only if such entity—

(1) is a municipality;

(2) is generally authorized to be a debtor under such chapter by State law, ...;

(3) is insolvent or unable to meet such entity's debts as such debts mature;

(4) desires to effect a plan to adjust such debts; and

(5)(C) is unable to negotiate with creditors because such negotiation is impracticable; ....

*Id.* Therefore, the following questions must be answered in the affirmative in order for Greene County Hospital to be a debtor under Chapter 9 of the Bankruptcy Code.

I. Is Greene County Hospital an entity?

II. Is Greene County Hospital a municipality?

III. Is Greene County Hospital generally authorized to be a debtor by Mississippi law?

IV. Is Greene County Hospital insolvent or unable to meet its debts as they mature?

V. Does Greene County Hospital desire to effect a plan to adjust their debts?

VI. Was Greene County Hospital unable to negotiate with creditors because such negotiation was impracticable?

The first three questions involve reviewable legal conclusions while the final three

tread upon impermissible review of factual determinations.

Greene County Hospital is an entity within the meaning of the Bankruptcy Code. Section 101(14) of Title 11 of the United States Code defines an entity to include "person, estate, trust and governmental unit." 11 U.S.C. § 101(14) (Supp.1985). The hospital clearly is not a person, estate, or trust. The question becomes whether the hospital is a governmental unit. Section 101(14) provides that " 'governmental unit' means ... municipality; ..." 11 U.S.C. § 101(24) (Supp.1985). Thus, by answering the second question, whether Greene County Hospital is a municipality, the first question of whether the hospital is an entity is simultaneously resolved.

■ The Bankruptcy Code defines municipality as "political subdivision or public agency or instrumentality of a State." 11 U.S.C. § 101(32) (Supp.1985). The lower court held that the hospital was a public agency and thus qualified as a municipality for purposes of the Code. The Bankruptcy Code does not provide a definition for public agency. In *Ex parte York County Natural Gas Authority,* 238 F.Supp. 964, *modified* 362 F.2d 78 (4th Cir.1965), *cert. denied,* 368 U.S. 970, 86 S.Ct. 1277, 16 L.Ed.2d 310 (1966), in an action pursued under the provisions of Title 11, Chapter 9, United States Code, the court provided a legal test for determination of public agency status. "The legal test between a private or public authority or agency is whether the authority or agency is subject to control by public authority, state or municipal." *Ex parte York County,* 238 F.Supp. at 976. Several sections of the Community Hospitals chapter of the Mississippi Code confirm that the board of supervisors of the county does have the power to exert some control over the county hospitals. Miss. Code Ann. 41–13–10 *et seq.* (Supp. 1985).[1] *See also, Coleman v. Humphreys*

---

1. The legislative intent of the Community Hospital legislation also sheds light on the question of whether Greene County Hospital is a public agency and on the powers of the board of trustees in the operation of the hospital. Section One of the legislation provides as follows:

[i]t is the intent and purpose of this act to clarify and expand the power of boards of trustees of community hospitals so as to allow such community hospitals to operate efficiently, to offer competitive health care services, to respond more effectively to new develop-

*County Memorial Hospitals,* 55 F.R.D. 507, 510 (N.D.Miss.1972). For instance, in Miss.Code Ann. § 41–13–10(d) (Supp.1985), the term "owner" as used in Sections 41–13–10 through 41–13–47 means

> any board of supervisors of any county having an ownership interest in any community hospital or leased facility on behalf of the county or on behalf of any supervisors district, judicial district or election district of the county and shall also mean any governing council or board of any municipality having an ownership interest in any community hospital or leased facility.

Miss.Code Ann. § 41–13–10(d) (Supp.1985). The code sections which follow and use the definitions illustrate that the board of supervisors' duties as they relate to the community hospital are those which are traditionally associated with property management while the operation of the hospital itself is left to the board of trustees and administrator. For example, the board of supervisors may with "the board of trustees, acting jointly or severally, ... acquire and hold real estate for offices for physicians and other health care practitioners and related health care or support facilities, ..." Miss.Code Ann. § 41–13–15(4) (Supp. 1985); "may convey to any other owner any or all property, real or personal, comprising any existing community hospital, including related facilities, wherever located, owned by such conveying owner." Miss.Code Ann. § 41–13–15(6) (Supp.1985); "may lease community hospitals, including any related facilities, wherever located, and/or assets of such community hospital, to any individual, partnership, corporation, other owner or board of trustees operating on a nonprofit basis ..." Miss.Code Ann. § 41–13–15(7) (Supp.1985). The above quoted provisions make clear that the hospital is subject to control by public authority, i.e., the board of supervisors. Therefore, Greene County Hospital is a public agency; thus a municipality; and thus an

entity within the meaning of Bankruptcy Code sections 11 U.S.C. § 101(32) (1985), 11 U.S.C. § 101(24) (1985), and 11 U.S.C. § 101(14) (1985).

■ The next question for resolution is whether Greene County Hospital is generally authorized to be a debtor by Mississippi law. It is important to point out that the question involves whether the hospital as operated by the board of trustees and the administrator creates a debtor under Mississippi law. In other words, it is not the hospital proper, i.e., the land and building which seeks debtor status, but it is the hospital as it functions and operates day-to-day within the confines of the land and building which seeks debtor status. With this caveat in mind, there are three reasons for holding that Greene County Hospital, vis a vis the board of trustees and the administrator, is generally authorized to be a debtor under Mississippi law. Firstly, there is no statutory provision which prevents Greene County Hospital from proceeding under Chapter 9. Secondly, the pertinent code provisions grant a plethora of powers to the board of trustees and the administrator which by their own terms create debtor status under Mississippi law. *See* Appendix I. Section 41–13–35(5)(k) is especially relevant to this inquiry. It provides that the board of trustees has the power

> [t]o borrow money and enter other financing arrangements for community hospital and related purposes and to grant security interests in hospital equipment and to pledge a percentage of hospital revenues as security for such financings where needed; provided that the owner shall specify by resolution the maximum borrowing authority and maximum percent of revenue which may be pledged by the board of trustees during any given fiscal year.

Miss.Code Ann. § 41–13–35(5)(k) (Supp. 1985).

---

ments and regulatory changes in the health care area and to continue to serve and promote the health and welfare of the citizens of the State of Mississippi. This act shall be liberally construed so as to give effect to such purpose.
1985 Miss.Laws Ch. 511, Section 1.

Thirdly, bankruptcy decisions which have had to make a determination of whether a debtor municipality has been generally authorized to be a debtor under state law have held that statutes, such as Mississippi's Community Hospital Act, which grant an entity the general power to control its existence, operation and financial affairs, are a sufficient state authorization in spite of the lack of express language authorizing the entity to proceed in bankruptcy. *See In re City of Wellston*, 43 B.R. 348 (E.D. Mo.1984); *In re Pleasant View Utility District of Cheatham County, Tn.*, 24 B.R. 632 (M.D.Tn.1982); *Matter of North and South Shenango Joint Municipal Authority*, 14 B.R. 414 (W.D.Pa.1981). "A review of the history of § 109(c) indicates that the term 'generally authorized' was intended to be given a broad interpretation." *In re Pleasant View*, 24 B.R. at 636. The grant of discretionary powers to the board of trustees, including, for example, money borrowing powers, the power to sue and defend suits, to contract, and the power to sell chattel property, are all powers which even under a strict interpretation would still fall within the generally authorized criteria of § 109(c)(2). *See* Appendix I. Therefore, based upon the foregoing, the Court concludes that Greene County Hospital is generally authorized to be a debtor under Mississippi law.

The remaining three elements, whether Greene County Hospital is insolvent or unable to meet its debts as they mature, whether Greene County Hospital desires to effect a plan to adjust its debts, and whether Greene County Hospital was unable to negotiate with creditors because such negotiation was impracticable, are all subject to the clearly erroneous standard of review. All three of the above inquiries involve questions of fact. *See Multiponics, Inc.*, *supra*, 622 F.2d at 713; *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347 (8th Cir.1983); *Matter of PRS Products, Inc.*, 574 F.2d 414, 416-17 (8th Cir.1978). This Court cannot say that the lower court committed error in its factual determination that Greene County Hospital was unable to meet its debts as they matured, desired to

effect a plan and that it was impracticable to negotiate with creditors prior to filing.

In sum, the Court holds that the trial court properly dismissed Path-Science Laboratories' motion to dismiss for lack of subject matter jurisdiction since Greene County Hospital qualifies pursuant to 11 U.S.C. § 109(c) as a Chapter 9 debtor. The Court thus AFFIRMS the bankruptcy court's decision and REMANDS this case to the bankruptcy court for further proceedings under Chapter 9 of the Bankruptcy Code.

## APPENDIX I

MISS.CODE ANN. § 41-13-35 General Powers and duties of trustees; bonds.

(1) The board of trustees of any community hospital shall have full authority to appoint an administrator, who shall not be a member of the board of trustees, and to delegate reasonable authority to such administrator for the operation and maintenance of such hospital and all property and facilities otherwise appertaining thereto.

(2) The board of trustees shall have full authority to select from its members officers and committees and, by resolution or through the board bylaws, to delegate to such officers and committees reasonable authority to carry out and enforce the powers and duties of the board of trustees during the interim periods between regular meetings of the board of trustees; provided, however, that any such action taken by an officer or committee shall be subject to review by the board, and actions may be withdrawn or nullified at the next subsequent meeting of the board of trustees if the action is in excess of delegated authority.

(3) The board of trustees shall be responsible for governing the community hospital under its control and shall make and enforce staff and hospital bylaws and/or rules and regulations necessary for the administration, government, maintenance and/or expansion of such hospitals. The board of trustees shall keep minutes of its

official business and shall comply with Section 41-9-68, Mississippi Code of 1972.

(4) The decisions of said board of trustees of the community hospital shall be valid and binding unless expressly prohibited by applicable statutory or constitutional provisions.

(5) The power of the board of trustees shall specifically include, but not be limited to, the following authority:

(a) To deposit and invest funds of the community hospital in accordance with Section 27-105-365, Mississippi Code of 1972;

(b) To establish such equitable wage and salary programs and other employment benefits as may be deemed expedient or proper, and in so doing, to expend reasonable funds for such employee salary and benefits. Allowable employee programs shall specifically include but not be limited to, medical benefit, life, accidental death and dismemberment, disability, retirement and other employee coverage plans. The hospital may offer and fund such programs directly or by contract with any third party and shall be authorized to take all actions necessary to implement, administer and operate such plans, including payroll deductions for such plans;

(c) To authorize employees to attend and to pay actual expenses incurred by employees while engaged in hospital business or in attending recognized educational or professional meetings;

(d) To enter into loan or scholarship agreements with employees or students to provide educational assistance where such student or employee agrees to work for a stipulated period of time for the hospital;

(e) To devise and implement employee incentive programs;

(f) To recruit and financially assist physicians and other health care practitioners in establishing, or relocating practices within the service area of the community hospital including, without limitation, direct and indirect financial assistance, loan agreements, agreements guaranteeing minimum incomes for a stipulated period from opening of the practice and providing free office space or reduced rental rates for office space where such recruitment would directly benefit the community hospital and/or the health and welfare of the citizens of the service area;

(g) To contract by way of lease, lease-purchase or otherwise, with any agency, department or other office of government or any individual, partnership, corporation, owner, other board of trustees, or other health care facility, for the providing of property, equipment or services by or to the community hospital or other entity or regarding any facet of the construction, management, funding or operation of the community hospital or any division or department thereof, or any related activity, including, without limitation, shared management expertise or employee insurance and retirement programs, and to terminate said contracts when deemed in the best interests of the community hospital;

(h) To file suit on behalf of the community hospital to enforce any right or claims accruing to the hospital and to defend and/or settle claims against the community hospital and/or its board of trustees;

(i) To sell or otherwise dispose of any chattel property of the community hospital by any method deemed appropriate by the board where such disposition is consistent with the hospital purposes or where such property is deemed by the board to be surplus or otherwise unneeded;

(j) To let contracts for the construction, remodeling expansion or acquisition, by lease or purchase, of hospital or health care facilities, including real property, within the service area for community hospital purposes where such may be done with operational funds without encumbrancing the general funds of the county or municipality, provided that any contract for the purchase of real property must be ratified by the owner;

(k) To borrow money and enter other financing arrangements for community hospital and related purposes and to grant security interests in hospital equipment and to pledge a percentage of hospital revenues

as security for such financings where needed; provided that the owner shall specify by resolution the maximum borrowing authority and maximum percent of revenue which may be pledged by the board of trustees during any given fiscal year;

(*l*) To expend hospital funds for public relations or advertising programs;

(m) To offer the following inpatient and outpatient services, after complying with applicable health planning, licensure statutes and regulations, whether or not heretofore offered by such hospital or other similar hospitals in this state and whether or not heretofore authorized to be offered, long-term care, extended care, home care, afterhours clinic services, ambulatory surgical clinic services preventive health care services including wellness services, health education, rehabilitation and diagnostic and treatment services; to promote, develop, operate and maintain a center providing care or residential facilities for the aged, convalescent or handicapped; and to promote, develop and institute any other services having an appropriate place in the operation of a hospital offering complete community health care;

(n) To promote, develop, acquire, operate and maintian on a nonprofit basis, or on a profit basis if the community hospital's share of profits is used solely for community hospital and related purposes in accordance with this chapter, either separately or jointly with one or more other hospitals or health-related organizations, facilities, and equipment for providing goods, services and programs for hospitals, other health care providers, and other persons or entities in need of such goods, services and programs and, in doing so, to provide for contracts of employment or contracts for services and ownership of property on terms that will protect the public interest; and

(*o*) To establish and operate medical offices, child care centers, wellness or fitness centers and other facilities and programs which the board determines are appropriate in the operation of a community hospital for the benefit of its employees, personnel and/or medical staff which shall be operated as an integral part of the hospital and which may, in the direction of the board of trustees, be offered to the general public. If such programs are not established in existing facilities or constructed on real estate previously acquired by the owners, the board of trustees shall also have authority to acquire, by lease or purchase, such facilities and real property within the service area, whether or not adjacent to existing facilities, provided that any contract for the purchase of real property shall be ratified by the owner. The trustees shall lease any such medical offices to members of the medical staff at rates deemed appropriate and may, in its discretion, establish rates to be paid for the use of other facilities or programs by its employees or personnel or members of the public whom the trustees may determine may properly use such other facilities or programs;

(p) Provide, at its discretion, ambulance service and/or to contract with any third party, public or private, for the providing of such service;

(q) Establish a fair and equitable system for the billing of patients for care or users of services received through the community hospital, which in the exercise of the board of trustees' prudent fiscal discretion, may allow for rates to be classified according to the potential usage by an identified group or groups of patients of the community hospital's services and may allow for standard discounts where the discount is designed to reduce the operating costs or increase the revenues of the community hospital. Such billing system may also allow for the payment of charges by means of a credit card or similar device and allow for payment of administrative fees as may be regularly imposed by a banking institution or other credit service organization for the use of such cards;

(r) To establish an organizational part of the hospital or to aid in establishing as a separate entity from the hospital, hospital auxiliaries designed to aid the hospital, its patients, and/or families and visitors of

patients, and when the auxiliary is established as a separate entity from the hospital, the board of trustees may cooperate with the auxiliary in its operations as the board of trustees deems appropriate;

(s) To make any agreements or contracts with the federal government or any agency thereof, the State of Mississippi or any agency thereof, and any county, city, town, supervisor's district or election district within this state, jointly or separately, for the maintenance of charity facilities.

MISS.CODE ANN. § 41-13-36 Employment of administrator; administrator's powers and duties.

(1) A board of trustees may enter into a contract of employment with an administrator, the duration of which shall not exceed five (5) years, but which may periodically be renewed for additional years, provided that the duration of any such renewal contract shall not exceed five (5) years.

(2) The administrator shall be the chief executive officer of the community hospital. Subject to any conflicting bylaws, resolutions, rules or regulations adopted by the board of trustees, the administrator's duties and powers shall include, but not be limited to, the following:

(a) To employ and discharge employees, as needed for the efficient performance of the business of the community hospital and prescribe their duties;

(b) To supervise and control the records, accounts, buildings and property of the community hospital and all internal affairs, and maintain discipline therein, and enforce compliance with, and obedience to, all rules, bylaws and regulations adopted by the board of trustees for the government, discipline and management of said hospital, and its employees and staff.

(c) To attend meetings of the board of trustees and to keep the trustees advised of hospital business.

(d) To exercise any of the powers of the board of trustees as described in Section 41-13-35, Mississippi Code of 1972, which have been delegated, by res-

olution or through the board bylaws, to the administrator.